[No. 7209.]

## KETT v. COLORADO & SOUTHERN RAILWAY COMPANY.

1. MASTER AND SERVANT. *Employers Liability Act—Construed.* Under Sec. 1 of c. 67 of the Laws of 1901, the master was liable to a servant, for the neglects of a fellow servant, to the same extent as for his own neglects. (395)

And the servant was not required to give notice of the injury, as prescribed by sec. 2 of c. 77 of the Laws of 1893. So much of the former act as required the notice is repealed by the latter, and the repeal is not negatived by the proviso to sec. 2.—*Carlock v. Denver & Rio Grande Co.*, 55 Colo. 146 followed. (395, 396)

2. ——*Servant's Assumption of Risk.* The doctrine of Assumption of Risk has no place under c. 67 of the Acts of 1891. (398)

3. ——*Servant's Contributory Negligence—For the Jury*, save in the clearest cases, where the facts are undisputed, and intelligent men can draw but one inference. (399)

A switchman employed in the yard of a railway company, where trains and switch-engines are continually passing, is under duty, when walking upon the tracks, to exercise reasonable care for his own safety; but he has the right to assume that his fellow employes will exercise a like measure of care in the discharge of their duties. A switchman walking upon the tracks in the night-time looked behind him upon several occasions without discovering the approach of any danger, and was finally struck and injured by a locomotive moving backward, with neither light nor guard at the rear. The question of a servant's contributory negligence was for the jury. (399)

4. APPEAL AND ERROR. *Matters Not Alleged*, will not be considered in the Court of Review. (399)

5. EVIDENCE. *Judicial Notice.* That the duties of a switchman, employed in the yard of a railway company require him to be at times, upon the tracks, even though he is there exposed to great danger of injury. (398, 399)

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, Judge.

Mr. STERLING B. TONEY, Mr. R. BURGE TONEY, Messrs. CRUMP & ALLEN, Mr. FRAZER ARNOLD, for plaintiff in error.

Mr. E. E. WHITTED, Mr. ROBERT H. WIDDICOMBE, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was by the plaintiff in error to recover damages for personal injuries sustained while in the employ of the defendant railway company. The evidence discloses, that the accident occurred about 6 o'clock in the evening, January 23, 1909; that it was somewhat dark; that the plaintiff had missed or had been unable to get aboard the switch engine with which he was working as a switchman, which engine had just passed; that he was walking on the track in the direction it had gone when another engine belonging to the defendant came up behind him and struck him; that this engine was running backwards, as it is termed; that the plaintiff had looked back several times to ascertain if any other engine was following, but did not see any; that there was a headlight upon the rear of the engine which struck him; that it was customary and necessary, as a matter of safety, to have a light or lights lighted upon the rear of switch engines after dark; that at the time of the accident, the lamp in the headlight on the rear of the engine which struck him was not burning, at least no light was reflecting therefrom; that if it had been lighted that evening it had evidently gone out; that it was customary and proper to light them as soon as it commenced to get dark, and to keep them burning upon each end of a

switch engine while it was being operated in the yards, until morning; that it was also customary and necessary, as a matter of safety, for a man to ride on the rear of a switch engine when it was going backwards; that, as per such custom, he rides on what is called the footboard, and after dark should have a lantern lighted and when he sees anyone on the track signals his engine to stop, if necessary, or hollers for him to get off, etc.; that at the time of this injury there was no one riding on the rear end of this engine, on the footboard or elsewhere; that it was the duty primarily of the fireman to have had this light lighted, so that it would have given the proper reflection at the time of this accident, and presumably the duty of the engineer as well to see that it was burning, when he was operating the engine after dark.

A motion for nonsuit was sustained upon the ground that the negligence which caused the accident was that of a fellow servant. In this the trial court erred. Section 1 of an act approved March 28, 1901, known as our employer's liability act, which was in effect at the time of this accident, makes the employer liable for the negligence of a fellow servant in cases of this kind, the same as he would be were the act committed by him. The contention is made, and was evidently accepted by the court, that because the plaintiff did not comply with the provisions of the act of 1893 in giving notice to the company, that he cannot recover under the provisions of the 1901 act:

It is claimed that section 2 of the act of 1893 requiring notice, applies as well to actions brought under the act of 1901. We cannot agree with this conclusion. To accept it would be to make the act of 1901 inconsistent within itself. The act is unlimited in providing, without qualification other than that the employe shall be in the exercise of due care, that every corporation, company or

individual who may employ agents, servants or em-
ployes, shall be liable to respond in damages for injuries
or death sustained by any such employe, etc., resulting
from the carelessness, omission of duty or negligence of
such employer, or which may have resulted from care-
lessness, omission of duty or negligence of any other
agent, servant or employe of the said employer in the
same manner and to the same extent as if the careless-
ness, omission of duty or negligence causing the injury
or death was that of the employer. It repeals all acts
and parts of acts in conflict therewith. It will be ob-
served that this act does away with the defense of negli-
gence by a fellow servant in all actions for personal in-
juries or death. In this respect it differs radically from
the act of 1893. That act gave a cause of action against
the employer for the negligence of a limited class of em-
ployes for whose negligence he was not liable at common
law, and then only in cases where a certain notice was,
within a certain time, given to the employer concerning
it. It follows, that the part of the act of 1893 limits re-
covery to cases where a notice is given, is in conflict
with the act of 1901 as thus far referred to, for which
reason it was repealed by the later act, unless excluded
from the repealing clause upon account of the proviso
attached thereto which reads:

"Provided, however, that this act shall not be con-
strued to repeal or change the existing laws relating to
the right of the person injured, or in case of death, the
right of the husband or wife, or other relatives of a
deceased person, to maintain an action against the em-
ployer."

Was it intended by this proviso to prohibit the right
of recovery given under the act of 1901 to cases where
the notice provided by the act of 1893 was given? We

do not think so. To so hold would be to make a part of the act of 1901 meaningless for the reason that it covers all classes of such cases without restrictions. To construe this proviso to mean that the act of 1901, without the service of notice, is limited to cases therein named not covered by the act of 1893, would be to say that while the legislature has in plain language said in all cases, they meant only those not covered by the 1893 act. Such an inconsistent construction is not to be accepted when any rational one consistent with the language used can be arrived at, for which reason we cannot accept it, and are of opinion that the proviso means nothing more than that the legislature did not intend to repeal any statute not in conflict therewith relating to the right of the injured, or in case of his death, the right of the husband, or wife, or relative, to maintain an action, etc. For instance, the one designating the person who might bring suit in case of the death of the injured party was unquestionably intended to be preserved. The language used is specially applicable to it, as well as to others, but as the question of what laws it did not repeal is unnecessary to determine other than parts of the act of 1893, we do not wish to be understood as passing upon this question other than to hold that it was not intended to make the notice part of the act of 1893 apply to any cause of action accruing under the act of 1901. This conclusion is strengthened by the title of the 1901 act which clearly discloses an intention to cover all cases concerning the negligence of fellow servants in the one act.

In Lewis' Sutherland Statutory Construction, Vol 1, (2nd Ed.), Section 254, it is said:

"A new statute which affirmatively grants a larger jurisdiction or power, or right, repeals any prior statute by which a power, jurisdiction or right less ample

or absolute had been granted.  If the exercise of a power granted by a legislative act may include going beyond limits fixed by a prior statute, such limitation is impliedly removed, at least so far as it conflicts with the doing of that which is subsequently authorized.''

We think this rule somewhat applicable to the facts here.  See also.—*Nicol v. City of St. Paul,* 80 Minn. 415, 83 N. W. 375.

We are not unmindful of the opinion in *Lange v. Union Pacific R. Co.,* 126 Fed. 338, 62 C. C. A., 48, wherein a different conclusion was reached, but in *Carlock v. Denver & Rio Grande Railroad Co.,* 55 Colo. 146, 133 Pac. 1103, we declined to follow the Lange case and held that nothing in the act of 1901 indicates that it is an amendment to, or to be considered as a part of, the act of 1893, but that the act of 1901 was complete in itself on that phase of the questions intended to be covered thereby.  While in the Carlock case we found it unnecessary to decide whether the act of 1893 was still in force, as the case made did not come within the class mentioned by it, we did hold that the provisions of the act of 1893 pertaining to notice were not applicable to a case made under the act of 1901 not covered by the act of 1893, even though it was still in force.  This opinion was in conflict with the ruling in *Lange v. Union Pacific R. Co., supra,* which we declined to follow, as is our present conclusion that a proper construction of the act of 1901 makes the notice part of the act of 1893 inconsistent therewith in so far as it would otherwise apply to any case made under the act of 1901.  We think the fundamental error which our distinguished brethren of the United States Circuit Court of Appeals fell into in the Lange case, was their assumption that the considerations, limitations, and procedure of the act of 1893 were intended to apply to any case arising under the act of

1901, and that the later act upon account of the proviso in the repealing clause or otherwise, was intended merely as an extension and enlargement or revision of the law upon the subject so that it carried with and into it the notice part of the act of 1893, when for the reasons stated in the *Carlock* case, *supra,* we held that it was intended to be complete within itself in its abrogation of the fellow servant rule without limitation.

By cross-assignments the defendant contends that the court erred in refusing to grant the nonsuit on the additional grounds: First, that the plaintiff was guilty of contributory negligence; second, that the injury was one which was assumed as a part of the dangers of the employment. If the motion should have been sustained for any reason presented, the judgment should be affirmed, even though the reason given by the court was erroneous. The assumption of the risk as to the negligence of the fellow servant is disposed of adversely to the contention of the defendant by the construction given to the act of 1901.

The claim that the plaintiff was guilty of contributory negligence as a matter of law for walking on the track, is not sustained by the testimony. The record discloses, that he was employed by the defendant company as a switchman in a busy switchyard, where there were numerous tracks of different distances apart with many connections from one to the other; that there were many men employed in these yards, day and night, and that many switch engines as well as trains were running in all directions, making various kinds of noises. There is no evidence that it was the duty of the plaintiff to at all times keep off of the tracks, but to the contrary, it is common knowledge that the duties of a switchman require that at times at least he be upon the tracks when the danger is as great as when the accident happened.

For instance, when coupling cars, when between tracks where they come together when there is nowhere else to go, sometimes when crossing the tracks and other instances when he is expected to be upon them in the performance of his duty. 'Tis true, in such cases he is supposed, and it is his duty, to exercise reasonable diligence in looking out for his safety, but he has the right to assume that the other employes will exercise reasonable diligence in the performance of their duties, one of which, in this instance, was to have the headlights burning. The plaintiff testified that he looked back several times to see if any engine was following him but could see none. Under such circumstances, we think that the question of contributory negligence in this respect was for the jury. In *Phillips v. Denver City Tramway Company*, 53 Colo. 458, the question of contributory negligence was gone into at length where many of the former opinions of this court were considered with the conclusion as there stated, in substance, that only in the clearest cases, where the facts are undisputed, and where all intelligent men can draw but one inference, is the question of contributory negligence for the court, and especially is this true when the measure of duty is ordinary and reasonable care, that in such cases the standard of duty is variable. The case under consideration comes clearly within this rule.

The plaintiff claims that the company was guilty of negligence in omitting to promulgate rules requiring that a switchman ride upon the rear of an engine when backing in the yards. There is no allegation in the complaint of negligence in this respect, and the evidence is not clear that such a rule was not in force. The evidence is, in effect, that such a custom was at least prevalent and that it was proper and necessary for a switchman to be on the rear of the engine when backing in the

yards. No issue having been made concerning the adoption of rules by the company, we think it improper to consider it. For the purposes of a new trial, the parties will be permitted to amend their pleadings as they may be advised.

The former opinion is withdrawn; the judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed.

*Reversed and remanded.*

Decision *en banc*.

Decided April 6, A. D. 1914. Rehearing denied February 1, A. D. 1915.