## FERGUSON v. RINGSBY TRUCK LINE, Inc.

No. 3832.

United States Court of Appeals Tenth Circuit.

May 11, 1949.

Ivor O. Wingren, Denver, Colo. (Henry T. McGarry, Colorado Springs, Colo., was with him on the brief), for appellant.

John F. Mueller, Denver, Colo. (Gregory A. Mueller, Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

On April 15, 1948, Albert Ferguson, filed an action in the United States District Court of Colorado seeking damages for personal injuries sustained on May 4, 1943, while unloading bales of wool from a trailer belonging to his employer, Ringsby Truck Lines, and allegedly caused by its negligence in furnishing an "unsafe, insecure and defective" trailer for the performance of his duties. Jurisdiction rests

on requisite amount in controversy and diversity of citizenship. The complaint was dismissed and judgment entered for the defendant on the ground that the two year statute of limitations, applicable to actions arising under the Colorado Employer's Liability Act of 1911, Chap. 97, Sections 95–98, C.S.A.1935, barred the action.

Section 1 of the 1911 Act, supra, makes every employer liable in damages for injuries or death to an employee, when caused by its own negligence or the negligence of a co-employee; Section 2 gives a right of action to survivors for wrongful death, and limits the amount of damages to $10,000; Section 3 designates the survivors entitled to maintain the action; and, Section 4 imposes a two year statute of limitations on all rights of action created by the act, and specifically provides that the amount of damages recoverable for personal injuries resulting solely from the negligence of a co-employee shall not exceed the sum of $10,000.

As we understand the contentions of the appellant, they are to the effect that his asserted action arises under the common law, not the 1911 Act; that the sole purpose and effect of that Act is to abolish the fellow servant doctrine as a defense to common law actions; that since the cause of action is for the negligence of his employer and not a fellow servant, the statute of limitations in the 1911 Act is not applicable here. In the alternative he says that if his cause of action be not under the common law, it is given by the 1915 Act, Chap. 97, Sec. 99, C.S.A.1935 which makes the employer liable in damages if an employee is injured or killed "on account of any defect or peril connected with ways, works, machinery or instrumentalities used in the business of the employer * * *"; and, in any event, the two year statute of limitations is inapplicable.

If the 1911 Act gives an employee a cause of action for the negligence of his employer, it of course controls over the common law, and the two year statute of limitations is applicable, unless the 1915 Act supersedes the 1911 Act in respect to this particular class of actions.

The 1911 Act, known as the Colorado Employer's Liability Act, is one of a series of legislative acts designed to augment the common law right of action of an employee and to limit the employer's common law defenses thereto.

The Act of 1893, Sessions Laws of Colo. 1893, Ch. 77, p. 129, recognized the Colorado decisional law with respect to the liability of an employer to his employees for its negligence or the negligence of fellow servants entrusted with the superintendence or care of the place or instrumentality causing the injury. The Act did not create any new cause of action, nor did it attempt to codify the "whole law" —it left open certain common law liabilities and common law defenses. In other words, it simply abolished the fellow servant doctrine as a defense to an employee's action against his employer for the negligence of a fellow servant in charge of the place or thing causing the injury. See Colorado Milling & Elevator Co. v. Mitchell, 26 Colo. 284, 58 P. 28; Carlock v. Denver & R. G. R. Co., 55 Colo. 146, 133 P. 1103; Denver & R. G. R. Co. v. Norgate, 10 Cir., 141 F. 247, 6 L.R.A.,N.S., 981, 5 Ann.Cas. 448; Yost. v. Union Pac. R. Co., 245 Mo. 219, 149 S.W. 577.

In language, almost identical to Section 1 of the 1911 Act, supra, Section 1 of the 1901 Act, Session Laws of Colorado of 1901, p. 161, expressly gives the employee a right of action against his employer for its negligence or the negligence of a fellow servant, and abolished the remanents of the fellow servant doctrine which survived the Act of 1893. See Carlock v. Denver R. G. R. Co., supra; Kett v. Colo. & S. Ry. Co., 58 Colo. 392, 146 P. 245. After reenacting Section 1 of the 1901 Act, the 1911 Act gave a right of action to the survivors of an employee for wrongful death and provided a limitation upon the commencement of the actions created.

It is thus manifestly plain that the purpose and effect of the 1911 Act was not only to abolish the fellow servant doctrine, as urged by appellant, but also to create in the employee or his survivors, a statutory action for the employer's negligence within the time specified therein. It,

therefore, gave a right of action in derogation of the common law, and supersedes it to the extent necessary to give full force and effect thereto. Southerland Statutory Construction, Vol. 3 Sec. 5301; Colorado State Board of Pharmacy v. Hallett, 88 Colo. 331, 296 P. 540. In re Roberts' Estate, 58 Wyo. 438, 133 P.2d 492, 500.

The 1911 Act was silent as to the common law defense of assumption of risk, and it therefore survived the statute until the 1915 Act, supra, which relieved the employees and workmen from the assumption of risk for injuries or death. This Act, like the Act of 1893, did not purport to create any new right of action. It merely abated a common law defense to a statutory cause of action.

This construction of the statutes is entirely consonant with the governmental policy to statutorily control employer-employee relations. Any other construction would be inconsistent with legislative policy.

The judgment is affirmed.