ADA E. HOWARD *vs.* JOHN L. HOWARD.

Oxford.    Opinion November 15, 1921.

*A married woman cannot maintain an action for alienation of affections against*
*a male defendant.*

Under the Statutes of Maine an action for alienation of affections cannot be
maintained by a married woman against a male defendant.    *Farrell* v. *Farrell*,
118 Maine, 441, affirmed.

On exceptions by plaintiff.    An action for alienation of the affec-
tions of her husband brought by plaintiff against her father-in-law.
Motion by defendant to dismiss was sustained by the presiding
Justice and plaintiff took exceptions.    Exceptions overruled.

Case stated in the opinion.

*Matthew McCarthy*, for plaintiff.

*George A. Hutchins, and Nathan G. Foster*, for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
DEASY, JJ.

CORNISH, C. J.    This is an action for alienation of the affections
of her husband brought by the plaintiff against her father-in-law.
The presiding Justice sustained the defendant's motion to dismiss
and the plaintiff alleged exceptions.

The only question involved is whether such an action can be main-
tained by a married woman against a man.    In the very recent case
of *Farrell* v. *Farrell*, 118 Maine, 441, this court held that such a
suit cannot be maintained against a male defendant, but the plaintiff
in the pending suit frankly asks the court to overrule that decision,
as well as the preceding decisions upon which that is based, as being
opposed to both reason and authority.    This we are not inclined
to do.

The course and scope of legislation and judicial decision on the
point at issue may be briefly reviewed.    An exhaustive discussion

of the progress of legislation on the general subject of the legal rights of married women may be found in *Haggett* v. *Hurley*, 91 Maine, 542, 551.

It is conceded that at common law a wife would have no standing in court in such a case. The earlier statutes in this State empowered a married woman to maintain an action in her own name for the preservation and protection of her property and the recovery of wages for personal labor not performed for her own family. These various acts are condensed in R. S., 1857, Chap. 6, Sec. 3. But it was held that these statutes did not give the wife the right to sue in tort in her own name, as for instance in an action for malpractice, *Ballard* v. *Russell*, 33 Maine, 196, (1851) nor of malicious prosecution, *Laughton* v. *Eaton*, 54 Maine, 156, (1866). Ten years later the right was extended so that the former statute as amended by Public Laws 1876, Chapter 112, reads as follows:

"She may prosecute and defend suits at law or in equity either of tort or contract in her own name, without the joinder of her husband, for the preservation and protection of her property and personal rights or for the redress of her injuries, as if unmarried, or may prosecute suits jointly with her husband." This language has continued unchanged to the present time and is now R. S., 1916, Chap. 66, Sec. 5. Upon this section the plaintiff rests her claim in the case at bar, contending that it is sufficiently broad to authorize the pending suit.

It is a familiar principle that statutes in derogation of the common law should be strictly construed. The court is to go no faster and no farther than the Legislature has gone. Mindful of this principle our court has had occasion to construe the meaning and scope of this section under consideration.

In *Hobbs* v. *Hobbs*, 70 Maine, 381, it was held that a wife could not maintain an action of assumpsit against her husband while the marriage relation was still subsisting. In construing the force and effect of the enlarging statute of 1876, the court says: "It relates to cases when, by the very assumption, the husband may be a party with the wife or not at her election. The design is to protect her from all marital interference in suits commenced by the wife alone or jointly with her husband and to prevent his maintaining alone any action respecting his wife's property."

The same statute came under consideration again in *Libby* v. *Berry*, 74 Maine, 286, where it was held that a woman after divorce could not maintain an action of tort against her former husband for an assault committed during coverture.   The language of the court is this:   "According to the construction already given to the act of 1876, it does not so far modify the common law as to authorize a civil action by the wife against the husband to recover damages for an assault, nor against those who act with the husband and under his direction in doing such a wrong.   It only authorizes her to maintain alone such actions as previously could be sustained when brought by the husband alone or by the husband and wife jointly.   It enlarges not her right of action but her sole right of action.   It does not enable her to maintain suits which could not have been maintained before, but to bring in her own name those which must have been brought in the husband's name either alone or as a party plaintiff with her."

If this marks the limit of the enlarged powers of the wife under this statute, then clearly the present action cannot be maintained, because an action for the alienation of the husband's affections by his father could be brought neither by the husband alone, nor by the husband jointly with the wife.   Such an action, based upon the wrong doing of the father but aided by the connivance of the husband, could not be maintained by the husband.   It would be incongruous.   His interests would lie with the defense rather than the prosecution.

. This doctrine has been consistently followed and applied in cases strictly in point.

In *Doe* v. *Roe*, 82 Maine, 503, it was held that a wife cannot maintain an action against another woman for debauching and carnally knowing her husband.   The statute in question was not specifically discussed in the opinion, but it could not have escaped the attention of both counsel and court.   In *Morgan* v. *Martin*, 92 Maine, 190, the same question arose in an action by a married woman against another woman for alienating the affections of the husband of the former, and *Doe* v. *Roe* was affirmed.   So stood the law as the settled doctrine in this State until 1913, when the Legislature granted additional rights to married women in these words:

"Whoever, being a female person more than eighteen years of age, debauches and carnally knows, carries on criminal conversation with, alienates the affections of, the husband of any married woman, or

by any acts, enticements and inducements deprives any married woman of the aid, comfort and society of her husband, shall be liable in damages to said married woman in an action on the case brought by her within three years after the discovery of such offense." Public Laws, 1913, Chap. 33. R. S., 1916, Chap. 66, Sec. 7.

This act opens the door to an action by a married woman against a female defendant more than eighteen years of age, but no farther. It gives no right against a male defendant. If the plaintiff's theory is correct that the Act of 1876 gave ample authority for the maintenance of such an action by the wife against any person so offending, the passage of the Act of 1913 was wholly unnecessary. It added nothing to the existing rights. The Legislature apparently thought otherwise and enlarged the rights so far as women defendants were concerned, but no farther. It could have gone farther and have granted the right against all defendants, but it did not see fit to do so. The inclusion of women was the exclusion of men defendants. The court must stop where the Legislature stopped. To go beyond would be judicial legislation. The Act of 1913 has been very recently construed by this court and the precise question raised in the pending case was there raised and decided adversely to the plaintiff. *Farrell v. Farrell,* 118 Maine, 441, (1920). The law, therefore, is firmly established in this State and we see no reason to overrule this long line of decisions.

The learned counsel for the plaintiff calls attention to the radical changes in the position of woman before the law since the olden days, all of which is true; but the question presented to us is, not what should be, but what is; and to quote the conclusion of the opinion in *Laughton v. Eaton,* 54 Maine, supra: "The argument would be appropriately addressed to the Legislature. The present state of the law requires that the entry in this case should be

*Exceptions overruled."*