No. 12,479.

COLORADO STATE BOARD OF PHARMACY *v.* HALLETT.
(296 Pac. 540)

Decided February 9, 1931.

Mr. Ab H. Romans, Mr. Roy M. Briggs, Mr. Donald F. Clifford, for plaintiff in error.

Mr. Thomas A. Nixon, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This is an action by our state board of pharmacy against the defendant, Hallett, an unlicensed druggist, to recover the penalty prescribed by our general pharmacy act for selling poisons in violation of its provisions. The defendant filed a motion to strike from the files the complaint and the appearance of Ab H. Romans, district attorney, and his deputy, and D. F. Clifford, an attorney who purported to represent the plaintiff in bringing and prosecuting the action. The trial court treated this motion as one to abate or quash the proceedings and held section 4597, C. L. 1921, as amended by section 8 of chapter 145, S. L. 1927, unconstitutional, in so far as it directs that a civil action in behalf of an executive department of the state of Colorado may be brought and prosecuted by the district attorney or special counsel, exclusive of the attorney general and without his approval or consent, and thereupon quashed the proceeding and dismissed the action. This writ of error was sued out by the state board of pharmacy for a review of this judgment.

Section 8 of the 1927 act, under which this proceeding was initiated by the pharmacy board, provides that the penalties prescribed for the violation of any provision of the pharmacy act may be recovered in any court having jurisdiction by a civil action instituted by the board

of pharmacy in the name of the state of Colorado, and that it shall be the duty of the district attorney of the county or district wherein violations of the provisions of this act occur, to conduct all such actions and prosecutions at the request of the board.

Learned counsel for the defendant in error in his brief thus states the ultimate question for decision here: ''Whether the legislature has power by legislative enactment to take away from the attorney general his power and duty to represent and advise an executive department of government and confer such power upon the district attorney or upon special counsel employed by the Pharmacy Board?'' Another statement by counsel is: The trial court ''sustained the contentions of the defendant below on the ground that a branch of the executive department of the State of Colorado can only bring suit through the attorney general, the duly elected and constituted authority for bringing suits on behalf of the State of Colorado in the performance of its executive functions.'' Still further counsel says: ''Inasmuch as the constitution of the state did not designate the duties which should be performed by the attorney general, the office is clothed with all of the duties which were imposed upon the attorney general by common law. At common law the attorney general was the representative of the crown, and, in litigation, no other officer was authorized in civil actions to appear for or to represent the crown. When the constitution was adopted, it carried into the office of the attornel general all of the duties imposed by such officer under the common law.'' A number of authorities are cited which are claimed to support the position of the defendant, among others being *People v. McCullough,* 254 Ill. 9, 98 N. E. 156; *Fergus v. Russell,* 270 Ill. 304, 110 N. E. 130, 142; *People v. Casias,* 73 Colo. 421, 216 Pac. 513. The opinions of former attorneys general of Colorado are also cited in support of the defendant's contentions.

Section 1 of article IV of the Constitution of Colorado

treats of the executive department of government. After naming the different officers thereof, including that of attorney general, the section provides: "They shall perform such duties as are prescribed by this constitution or by law." Counsel for defendant states repeatedly in his brief that our Constitution does not designate the duties or specify the powers possessed by the attorney general, but he says the office is clothed with all of the duties which are imposed upon the attorney general at common law and at the common law the attorney general was the representative of the crown, and, in litigation, no other officer was authorized in civil actions to appear for or to represent the crown. He then proceeds to state that when our Constitution was adopted it carried into the office of the attorney general all of the duties imposed or conferred upon such officers under the common law. We quote again the provision with reference to officers of the executive department: "They shall perform such duties as are prescribed by this Constitution or by law."

Inasmuch as the duties of the office of attorney general are not specifically enumerated in our Constitution, he has only such duties and powers as are conferred by "law" upon him. The Supreme Court of Illinois has construed the expression "law" as used in this provision of our Constitution, as not merely statutes enacted by the legislature, but the common law as well.

Without further discussion of the point we shall assume, with the defendant here, that the attorney general had, before the passage of the pharmacy act, such powers and duties as the attorney general had at the common law. At the first session of the legislature of Colorado Territory in 1861, the common law of England, so far as the same is applicable and of a general nature, and all acts and statutes of the British Parliament made in aid of or to supply the defects of the common law prior to the fourth year of James I, excepting certain parts thereof not material here, and which are of a gen-

eral nature and not local to that kingdom, shall be the rule of decision, and shall be considered as of full force "until repealed by legislative authority." This statute is still in force in this state and is now a part of our statutory law. §6516, C. L. 1921. The common law of England was not adopted in the state of Colorado by our Constitution, as it was originally approved by the people, or by any subsequent constitutional enactment. The common law prevails in this state only by virtue of its adoption into the law of the state by legislative enactment. It may be repealed, without violating our Constitution, by our general assembly at any time it chooses to do so. The powers and duties which, before the amendment of the pharmacy act in 1927, were possessed by the attorney general in Colorado are only such as he had at the common law, and those which, if any, were provided by the statutes of this state. The legislature may at any time by a legislative act, repeal any part of the common law either expressly or by passage of an act inconsistent therewith on any particular subject. Our general assembly, in 1927, when it amended the original act of 1921 by providing in the later act that the state board of pharmacy might prosecute an action with the aid of the district attorney had a perfect right to do so.

■■ There is no constitutional provision which confers upon the attorney general the exclusive right to prosecute and defend civil actions in behalf of the state. If it be conceded that the attorney general in the absence of this permissive provision of the pharmacy act, had the exclusive right to represent the state in actions to enforce its provisions, that exclusive right has been limited by our general assembly by specifically conferring such powers also upon the district attorney when the pharmacy board requested his services. Though the attorney general and the district attorney are constitutional officers in this state their powers and duties are not specified in the Constitution itself, but are such as the general assembly by legislative act may prescribe.

Whatever duties the attorney general had at the common law he still may have, except in so far as they have been taken away by legislative enactment. Indeed, the legislative act of our territory passed in 1861 expressly says that the common law rule of decision continues "until repealed by legislative authority." Our legislature has exercised its authority in the premises and has conferred upon the district attorney the right to appear and represent the state pharmacy board in actions to enforce the penalties prescribed by the pharmacy act. In 12 C. J., p. 176, et seq., is a discussion of the subject now under consideration. At page 186, section 15, the text states: "The common law, or particular principles or rules thereof, may be expressly abrogated or repealed either by constitutional or statutory provisions * * *. The common law is impliedly repealed by a statute which is inconsistent therewith"—citing among other cases, *People v. Goddard,* 8 Colo. 432, 7 Pac. 301. In the opinion of Beck, C. J., in this case he says that the Colorado Legislative Act of 1861 in adopting the common law, provided that the same should be the rule of decision here and should be considered of full force "until repealed by legislative authority." In the Goddard case it was specifically held that an act of our legislature inconsistent with the common law on the subject impliedly repeals the latter.

In the pharmacy act amendment of 1927, the express authority conferred, and the duty imposed upon the district attorney to appear in behalf of the pharmacy board at its request, is inconsistent with the common law which made the attorney general the sole representative of the executive department in suits of such a character. It necessarily follows, if we are right in the foregoing discussion, that the ruling of the district court in holding unconstitutional section 8 of the amendment of 1927, was erroneous. Our general assembly had the power to repeal the common law either expressly or by the enact-

ment of a statute inconsistent therewith. The latter is what the legislative body has done.

There is nothing in the opinion in our Casias case above cited, and which is invoked by the defendant, that supports his position in this case. We there said that our courts generally hold that the office of attorney general is clothed with all the powers and privileges which belong to it under the common law of England. But we did not say that it was not competent for our general assembly by legislative act to repeal or abrogate any part of the common law which it previously had declared should be the rule of decision until the same was changed by an act of legislation. Indeed, we there said that the mantle of the attorney general, in a certain respect pointed out, rests upon the several district attorneys of the state.

The judgment of the district court is therefore reversed and set aside, and, if further proceedings be had herein, the same may be prosecuted and conducted by the district attorney.