(No. 26735.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* LEAH MAHUMED, Defendant in Error.

*Opinion filed November 17, 1942.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

LEONARD J. GROSSMAN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Defendant in error, Leah Mahumed, was charged, in the municipal court of Chicago, with violating section 3 of an act entitled, "An Act in relation to certain causes of action conducive to extortion and blackmail, and to declare illegal, contracts and acts made and done in pursuance thereof." The charge was laid in an information alleging that she "unlawfully, intentionally, and maliciously, did, then and there, name one Dorothy Tourssen as corespondent in a certain suit for separate maintenance filed of record in the Circuit Court of Cook county on the 4th day of September, A. D. 1941, entitled, *Leah Mahumed* v. *Herbert Mahumed*, * * * in violation of Paragraph 246.3 chapter 38 Illinois Revised Statutes 1937," etc.

A motion to quash the information on the ground that the act is unconstitutional was sustained and the defendant

was discharged. The People have sued out this writ of error under the provisions of the act of 1933 amending section 17 of Division XIII of the Criminal Code. (Ill. Rev. Stat. 1941, chap. 38, par. 747.) Prior to that amendment the People were forbidden a review of a criminal case by writ of error. (*People* v. *Barber*, 348 Ill. 40.) But since the amendment of 1933 the section reads: "The People may sue out writs of error to review any order or judgment quashing or setting aside an indictment or information." (*People* v. *Kopman*, 358 Ill. 479.) The plaintiff in error contends that the act under which the information was filed is valid, while defendant in error insists that it is unconstitutional in that it violates the fourteenth amendment to the Federal constitution by impairing contractual obligations; that it deprives one of his remedy for an injury or wrong to his person, property or reputation in violation of section 19 of the Illinois bill of rights; that it is discriminatory, in violation of section 22 of article IV of our constitution of 1870; that it contravenes section 13 of article IV of the constitution because it contains more than one subject matter; and that the title of the act does not include the provisions of section 3 of the act.

It is apparent from a reading of sections 3, 4 and 5 that the subject matters thereof are not included in the title of the act. The constitutional provision that no act shall embrace more than one subject, which shall be expressed in the title, prohibits the passage of an act containing provisions not fairly included in the title. (*People* v. *Stacker*, 322 Ill. 232; *Milne* v. *People*, 224 id. 125.) If the act contains matters which have no proper connection with, or relation to, the title, or the title itself contains subjects without any proper relation to each other, the constitutional restraint is violated.

Some of the reasons which lead to the adoption of such constitutional provision are (1) to prevent legislative "log

rolling;" (2) to prevent surprise or fraud upon the legislature by inserting provisions into bills of which the titles give no intimation and which might, by oversight, be carelessly and unintentionally adopted; and (3) to fairly apprise the people, through such publication of legislative proceedings as is usually made of the subjects of legislation being considered, so they might be heard thereon, if they so desire, by petition or remonstrance. (*Rouse* v. *Thompson*, 228 Ill. 522.) If the title of the act involved in the instant case is read, the ordinary mind would not, from such reading alone, conceive that the act, which was to follow the title, would contain a provision prohibiting the filing, threatening to file or causing the same to be done, any pleading or paper naming or identifying any person as corespondent in any action for divorce, separate maintenance, annulment of marriage or custody or care of children. Furthermore, no ordinary mind, in reading the title, would conceive that a provision would be included fixing a penalty, which might extend to a felony, for so identifying a corespondent.

The purpose of the act, as disclosed by the title, was to prevent actions conducive to extortion and blackmail. Extortion and blackmail are synonymous terms. (5 Words and Phrases (Per. ed.) 529.) Blackmail implies an extortion of hush money. (*Ex parte Algoe,* 74 Neb. 353, 164 N. W. 751.) Sending letters through the mails threatening to expose one's past for the purpose of extorting money is blackmail. Extortion through threats to expose one as a former convict is commonly considered as one of the forms of blackmail. Racketeering of various sorts has been so considered. Innumerable methods of blackmail and extortion have blackened the pages of history from the dawn of civilization. The ordinary person of intelligence would read the title to the act in question with all these matters in mind. True, he would limit his conception

to what would be included in the act by the words "causes of action," but the groundwork of the act, as expressed in the title, leads the mind to the subject of extortion and blackmail as the generic head.

Publishers have so regarded the act by including it in the published statutes as a part of the Criminal Code under the general heading of "Extortion by Threats." (Ill. Rev. Stat. 1941, p. 1142.) It is obvious that sections 3, 4 and 5 of the act in question contain matters which have no proper connection with or relation to the title.

At sessions of legislatures in 1935, the same year in which the Illinois act was passed, five other States enacted their so-called heart-balm acts. Section 3 of the Indiana act was the same as section 3 of the Illinois law and section 8 of the Indiana law was the same as our section 5, which is the penalty clause. The title to the Indiana law specifically mentioned the causes of action to be prescribed and also added the words, "prescribing penalties for the violation of this act," which latter clause does not appear in the Illinois law. It was not argued that sections 3 and 8 of the Indiana law were not embraced in the title, in the case of *Pennington* v. *Stewart*, 212 Ind. 553, but both sections were held unconstitutional because they denied due process of law, and because they denied equal protection of the laws. In the instant case sections 3, 4 and 5 are invalid because the subject matters of those sections are not embraced in the title.

For the reason that the subject matters embraced in sections 3, 4 and 5 of the act in question were not included in the title, the judgment of the trial court should be affirmed.

*Judgment affirmed.*