(No. 29485.—

STANLEY HECK, Appellant, *vs.* ALVIN S. SCHUPP, Appellee.

*Opinion filed May 21, 1946—Rehearing denied September 16, 1946.*

THOMAS A. GREEN, (A. D. MCMAHON, of counsel,) both of Chicago, for appellant.

Andrew J. Farrell, (Owen Rall, of counsel,) both of Chicago, for appellee.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on direct appeal, the validity of an act of the General Assembly being involved. Appellant seeks reversal of a judgment of the superior court of Cook county sustaining appellee's motion to dismiss and dismissing the complaint.

Appellant, on July 31, 1945, filed his complaint against appellee, alleging that he, a member of the armed forces · of the United States and hospitalized at Temple, Texas, was on January 1, 1939, married to one Henrietta Heck; that after he joined the armed forces of the United States the defendant, well knowing the happy condition of his home life, by subterfuge, contrivance and design, did wickedly and wantonly overcome the devotion and love of said Henrietta toward him; that intending to injure him and intending to deprive him of the society and assistance of his wife, the defendant, during the months of December, 1943, and January and February, 1944, and other dates stated, wantonly and maliciously destroyed and alienated from plaintiff the affection of the said Henrietta; that he carried on an illicit affair with her while appellant lay seriously injured, and since his return to the hospital Henrietta has refused to be a dutiful wife and has failed to visit him or take any interest in his plight. The complaint alleges that by means of the actions of the defendant the plaintiff has been wholly deprived of the society, affection, assistance, comfort and consolation of his wife.

Appellee's motion to dismiss specified three grounds: (1) That the suit was filed in contravention of a certain statute in full force and effect at the time of the filing of the suit; (2) that the cause of action set forth in the complaint is in contravention of the statute; and (3) matters and things set forth in the complaint are insufficient

in law to constitute an action against the defendant. This motion was sustained and the cause was dismissed. Plaintiff, appellant here, urges that the act known as the "Heart Balm" act, violates section 13 of article IV and section 19 of article II of the constitution of this State.

Section 13 of article IV provides in part that no act passed by the General Assembly shall embrace more than one subject and that shall be expressed in the title. Appellant insists that the act does not fairly express in its title the purposes for its enactment, and that it contains no provisions fairly included within the title. Certain portions of this act were under attack in *People* v. *Mahumed,* 381 Ill. 81, where it was held that the provision of the act there referred to bore no proper relation to the title of the act and that section 13 of article IV was violated. The invalidity of section 1 of this act is urged in this case. The act is entitled: "An Act in relation to certain causes of action conducive to extortion and blackmail, and to declare illegal, contracts and acts made and done in pursuance thereof." (Ill. Rev. Stat. 1943, chap. 38, par. 246.1 and 246.2.) Section 1 of the act reads as follows: "It shall be unlawful for any person, either as litigant or attorney, to file, cause to be filed, threaten to file, or threaten to cause to be filed, in any court in this State, any pleading or paper setting forth or seeking to recover upon any civil cause of action based upon alienation of affections, criminal conversation, or breach of contract to marry, whether such cause of action arose within or without this State." One would scarcely suspect from reading the title that the act would contain any provision prohibiting the filing of such actions as are specified within section 1. The title of the act discloses its purpose to be to prevent actions conducive to extortion and blackmail, yet in the body of the act the words "extortion" and "blackmail" do not appear. The two terms are synonymous. (5 Words and Phrases, (Per. ed.) 529; *Ex parte Algoe,*

74 Neb. 353, 104 N.W. 751.) Nor does the title of the act give any hint that its purpose is to abolish any civil causes of action.

In *Milne* v. *People,* 224 Ill. 125, this court, in construing that part of section 13 of article IV of the constitution of 1870, pointed out that this clause of the constitution may be subdivided into two subordinate clauses, (1) declaring that no act thereafter passed shall contain more than one subject, and (2) that the subject shall be expressed in the title, and that even though the purpose of the act be single, if that purpose is not expressed in the title, the act is void. While no particular form or terms are required, nor is the expression of the subject necessary to be done with precision, yet to sufficiently conform to the command of the constitution the title must be so framed and worded as to fairly apprise the legislators and the public in general of the subject matter of the legislation so as to reasonably lead to an inquiry into the body of the bill. .(*Milne* v. *People,* 224 Ill. 125.) We are of the opinion that the title to this act does not fairly express the purposes as disclosed by section 1. It is therefore open to the objection that it is contrary to section 13 of article IV.

We come, then, to consider whether the act is also open to the more grievous complaint that it violates section 19 of article II of the constitution. This section, oft referred to as part of the "bill of rights," provides that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay."

It requires no more than a cursory examination to discover that the act under consideration here tends to put a premium on the violation of moral law, making those

who violate the law a privileged class, free to pursue a course of conduct without fear of punishment even to the extent of a suit for damages. The contract of marriage has always been known in the law as a contract involving civil rights just as other contracts involve such rights, and no reason appears why, under section 19 of article II of our constitution, such rights should not have their day in court. Moreover, as to criminal conversation and alienation of affections, these involve the rights which all members of the family have a right to protect. Not only does every member of the family have a right to protect the family relationship but the State likewise has an interest in the sacredness of the family relationship. Certainly to give a license to one who would disrupt that relationship by tying the hands of injured members of the family, is not only clearly in conflict with section 19 of article II of our State constitution, but appears to us to be contrary to all sense of justice. It may be true that blackmail and extortion are brought into play by reason of the violation of these particular family rights, but so it may also be said of any other contractual relationship or basis for blackmail or extortion. The success of blackmail or extortion lies in the desire of the victim to avoid the publicity of either his own acts or a situation in which he has found himself. Almost any common-law cause of action may be used, and at times is used, by blackmailers and extortionists. We are of the opinion that this act violates section 19 of article II of our State constitution and is invalid.

The judgment of the superior court of Cook county is reversed and the cause is remanded with directions for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*