No. 15,758.

CORDER *v*. POND, DIRECTOR OF REVENUE ET AL.
(190 P. [2d] 582)

Decided February 9, 1948.

Messrs. MOSKO & SLATKIN, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. GEORGE K. THOMAS, Assistant, Mr. CHARLES F. CORY, Assistant, for defendants in error.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there. Plaintiff, a used car dealer, brought suit to enjoin defendants from interfering in the conduct of his business by requiring him to give bond and pay a license fee as provided by statute. Defendants moved to dismiss because, inter alia, 1. No cause of action was pleaded; 2. Injunctive relief could not be granted; and 3. The district attorney and the attorney general were not proper parties. The motion was granted as to 1, and overruled as to 2 and 3. A supplemental complaint was filed alleging payment of the fee and execution of the bond, both under protest, and praying for judgment holding the act unconstitutional and directing the return of the fee. Defendants answered putting in issue the constitutionality of the act and pleading in bar the failure of plaintiff to resort, before suit, to the administrative remedy thereby provided. The cause came on for trial to the court and at the close of plaintiff's evidence defendants renewed their motion to dismiss. That motion was taken under advisement, whereupon both parties rested, the cause was submitted, the motion to dismiss sustained, and judgment entered accordingly. To review that judgment plaintiff prosecutes this writ.

The three specifications of error are a little indefinite but clearly raise the question of the correctness of the court's decision that the contested statute is constitutional. If, as we believe, that decision was right the payment of the fee and the execution of the bond were mandatory under the statute and plaintiff is entitled to no relief. Hence we limit our examination to the single question of the constitutionality of the act.

The statute involved is chapter 78, page 212, Laws 1945. Its title "An Act Relating to Motor Vehicles and Providing Penalties for the Violation Thereof." It pro-

vides, inter alia, that one engaged "in the business of selling or exchanging new and used motor vehicles or both" shall obtain a license therefor by the payment of $25.00, and execute a bond "conditioned that said applicant shall conduct his business as a dealer without fraud or fraudulent representation, and without the violation of any of the provisions of this act," and that one who engages in the business "without having first obtained the license herein provided for, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine not to exceed five hundred dollars ($500.00) or six months' imprisonment or both." The contention of unconstitutionality is based upon the assertion that the title of the act does not comply with the requirements of section 21, article V, of the state Constitution which reads: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; * * * "

The only point made is that this bill does not relate to motor vehicles but solely to vehicle dealers and salesmen and the title is hence misleading. In the matter of legislative titles, "particularity is neither necessary nor desirable; generality is commendable," and if the legislation "is germane to the general subject expressed in the title; if it is relevant and appropriate to such subject, * * * it does not violate this provision of the Constitution." *Shaffer & Co. v. Prosser*, 99 Colo. 335, 62 P. (2d) 1161. To the same effect see, *Edwards v. Denver & R. G. R. Co.*, 13 Colo. 59, 65, 21 Pac. 1011; *Driverless Car Co. v. Armstrong*, 91 Colo. 334, 14 P. (2d) 1098. In the last cited case, title, subject and argument were so nearly identical with those in the instant case as to make the authority one directly in point.

It should be observed that the title here in question clearly indicates that the act deals with persons because, "providing penalties for the violation thereof," could scarcely be construed to relate to penalties imposed upon

the vehicles. We know of no legal method of fining or imprisoning automobiles. If counsel for plaintiff had been employed on a contingent fee to scan pending legislation and report to plaintiff the introduction of any bills affecting the interests of used car dealers, and, having failed to report this bill, payment of their fee was refused, we doubt if they would have had the temerity to bring suit on the theory that there was nothing in the title of this bill to put them upon notice of its possible provisions. We think the title complies with the mandate of the Constitution.

The judgment is accordingly affirmed.