559 P.2d 721 (1976)
Charles C. SHOEMAKER and Jane K. Shoemaker, Plaintiffs-Appellants,
v.
The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado Corporation, Defendant-Appellee.
No. 76-038.
Colorado Court of Appeals, Div. I.
October 28, 1976.
Rehearing Denied November 26, 1976.
Certiorari Denied February 7, 1977.
*722 Williams, Trine & Greenstein, P. C., Morris W. Sandstead, Jr., William Trine, Boulder, for plaintiffs-appellants.
Stuart S. Gunckel, Denver, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiffs initiated this action as a result of defendant's failure to list their names in the 1972 and 1973 Boulder Telephone Directory. By summary judgment the trial court determined defendant was liable for the omission, but limited that liability in accordance with a public utilities commission regulation, and concluded as a matter of law that defendant had not acted in a willful and wanton manner. From judgment awarding $88.80 as damages, plaintiffs appeal. We affirm in part, reverse in part, and remand the cause for trial.
Plaintiff Charles Shoemaker, who had received satisfactory telephone service for a number of years prior to 1972, discovered that his name had been omitted from that year's directory. He informed defendant of the mistake, and defendant assured him the error would be corrected.
In 1973, Mr. Shoemaker contacted defendant to insure that his name would appear, and also to apply for a business listing as a real estate broker in both the white and yellow pages.[1] When the 1973 directory was published, plaintiffs' name was omitted in both sections. Plaintiffs subsequently commenced this action.
Both parties moved for summary judgment and supplied various supporting documents *723 in support of their motions. Based on the materials before it, the trial court held that the limitation of liability provision contained in the applicable tariff sheets, see § 20(E)(3) of the Public Utilities Commission General Regulations, was constitutionally valid, that defendant was not estopped to raise the limitation of liability provisions of the tariff that no claim grounded on a breach of an implied covenant of good faith could be stated, and that no facts were alleged which, if proved, would rise to the level of willful and wanton conduct by defendant. Accordingly, since the cited tariff imposed a limited liability on defendant for the omission regardless of fault, the trial court awarded plaintiff a partial refund of charges made by defendant during 1972 and 1973.

I
Plaintiffs contend that their claim is grounded in tort, and that to the extent an action based on simple negligence is precluded by the tariff, the tariff is ineffective to bar such action under Colo.Const. Art. II, § 6. We disagree. This constitutional provision has not been interpreted so as to preserve all actions which existed under common law.
Common law prevails in this state, but the legislature may repeal any part of the common law either expressly or by the passage of inconsistent legislation. Colorado State Board of Pharmacy v. Hallett, 88 Colo. 331, 296 P. 540 (1931). And, Article II, Section 6 of the Colorado Constitution does not preserve pre-existing common law remedies from legislative change. Vogts v. Guerrette, 142 Colo. 527, 351 P.2d 851 (1960); Goldberg v. Musim, 162 Colo. 461, 427 P.2d 698 (1967). The tariff in question was created through the exercise of properly delegated legislative authority. See Colo.Const. Art. XXV; City & County of Denver v. People ex rel. Public Utilities Commission, 129 Colo. 41, 266 P.2d 1105 (1954). Thus, any inconsistent common law remedy is to that extent extinguished regardless of the legal theory in which it is framed. Denver & Rio Grande Western Ry. Co. v. Marty, 143 Colo. 496, 353 P.2d 1095 (1960).
Nor do we find this conclusion in any way repugnant to § 40-7-102, C.R.S.1973, which provides for awards of exemplary damages against public utilities only when in violation of specific prohibitions. See Waters v. Pacific Telephone Co., 12 Cal.3d 1, 114 Cal. Rptr. 753, 523 P.2d 1161 (1974), and cf. Miller v. Bussard, 132 Colo. 478, 289 P.2d 913 (1955).

II
Plaintiffs next assert that defendant should be barred either by the doctrine of promissory estoppel or of waiver from relying on the protective terms of the tariff. Their arguments are predicated on defendant's promises to rectify its mistake and on defendant's failure to tender a refund of the monthly payments in satisfaction of the directory error.
The doctrine of promissory estoppel has been adopted in Colorado. Mooney v. Craddock, 35 Colo.App. 20, 530 P.2d 1302 (1974). However, we deem the doctrine inapplicable in this case.
Promissory estoppel is an equitable doctrine designed to create binding agreements in the interest of fairness to one detrimentally relying on the promise of another. Mooney v. Craddock, supra; Restatement of Contracts § 90. However, the parties to this litigation are not individual businessmen so situated that a court might equitably supply missing contractual elements in order to enforce a contract. To the contrary, the rationale underlying the regulation of utilities demands that estoppel should not be invoked against utility companies to avoid the effect of a tariff.
Under the statutory scheme of utility regulation in this state, no preferences or advantages with respect to rates may be granted to any person. See § 40-3-106, C.R.S.1973. A public utility is bound by its tariff provisions, despite its negligence in the administration of such provisions. Denver & Rio Grande Western Ry. *724 Co. v. Marty, supra. To allow the doctrine of promissory estoppel to be invoked against the defendant would both result in a preference to those plaintiffs in a position to assert estoppel as compared with others injured by the utility's negligence in the absence of a promise, and in a disruption of just and uniform rate schedules which the commission must establish. Komatz Construction, Inc. v. Western Union Telegraph Co., 290 Minn. 129, 186 N.W.2d 691 (1971); § 40-3-102, C.R.S.1973.
The considerations above are sufficient to dispose of plaintiffs' theory that defendant waived its limited liability under the tariff by failing to refund automatically the charges it had made. Furthermore, waiver involves the "intentional relinquishment of a known right," Ewing v. Colo. Farm Mutual Casualty Co., 133 Colo. 447, 296 P.2d 1040 (1956), and there is no indication here that defendant intended to waive the tariff. Defendant was entitled to insist on a legal determination of the amount of damages accruing to plaintiffs, see Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo.1968), and its choosing to do so rather than to refund some other amount to plaintiffs does not constitute a waiver.

III
Defendant concedes that if plaintiffs have been injured by its willful and wanton conduct, the tariff would be ineffective to limit its potential liability. See Warner v. Southwestern Bell Telephone Co., supra. Therefore, the final question before us is whether the trial court was correct in ruling pursuant to a summary judgment motion that defendant had not acted in a willful and wanton manner.
This state differentiates conduct on the basis of negligent or willful and wanton behavior. The latter is defined as a mental state of the actor consonant with purpose, intent, and voluntary choice. Pettingell v. Moede, 129 Colo. 484, 271 P.2d 1038 (1954).
Here, the cause of the omissions and the mental state of defendant's employees responsible for the errors is not so certain that reasonable men could not differ as to whether the omission by the telephone company was willful and wanton. Conflicting inferences might be drawn by a trier of fact, and we conclude accordingly that the trial court erred in resolving this issue on a summary judgment motion. This is especially true where divergent inferences could be drawn from apparently undisputed facts. School Dist. No. 6 v. Grant, 156 Colo. 328, 399 P.2d 101 (1965); O'Herron v. State Farm Mutual Automobile Insurance Co., 156 Colo. 164, 397 P.2d 227 (1964). It is immaterial that defendant might ultimately prevail as a matter of law on the evidence developed at trial; such a determination cannot be made at this stage of the proceedings. McKinley Construction Co. v. Dozier, 175 Colo. 397, 487 P.2d 1335 (1971).
Plaintiffs' contention that a claim could be stated for breach of an implied covenant for good faith and fair dealing was rejected by the trial court. We agree that such a claim has no merit.
That portion of the judgment which dismissed plaintiffs' claims based upon negligence, promissory estoppel, waiver and implied covenant for fair dealing is affirmed, as well as the judgment awarding plaintiffs $88.80 under the tariff; that portion of the judgment which dismissed plaintiffs' claim based upon willful and wanton conduct is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
ENOCH and RULAND, JJ., concur.
NOTES
[1] A distinction is frequently drawn between omission of a subscriber's name from the white pages, which is a matter governed by regulation of the public utility commission, and from the yellow pages, which is a matter of private contract. See University Hills Beauty Academy, Inc. v. Mountain States Telephone and Telegraph Co., Colo.App., 554 P.2d 723 (1976). For purposes of this decision, however, the distinction is immaterial.