(No. 29445.—

CHARLES ZAREMBA, Appellee, *vs.* ANTHONY SKURDIALIS, Appellant.

*Opinion filed Sept. 18, 1946—Rehearing denied January 20, 1947.*

HERBERT M. WETZEL, of Chicago, for appellant.

SOL R. FRIEDMAN (A. D. MCMAHON, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Charles Zaremba, appellee, hereinafter called plaintiff, filed a complaint in the superior court of Cook county on July 10, 1944, charging appellant, Anthony Skurdialis, hereinafter called defendant, with alienation of affections and criminal conversation with his wife, Pauline Zaremba. The trial court denied a motion to dismiss the complaint and also denied a petition that the court adjudge Zaremba and his attorneys in contempt of court for filing such a suit in contravention of the statute commonly referred to as the "Heart Balm" act. (Ill. Rev. Stat. 1943, chap. 38, par. 246.1.) On trial, the jury returned a verdict for plaintiff for $15,000, finding also that malice was the gist of the action. At the time of the trial Zaremba and his

wife had been divorced. Motion by the defendant that the court direct the State to intervene in the cause was denied. The cause comes here on direct appeal. The constitutionality of the so-called "Heart Balm" act being involved at the time of appeal, this court will entertain jurisdiction of the cause on direct appeal.

As the constitutionality of this act has been fully discussed by this court in *Heck* v. *Schupp*, 394 Ill. 296, decided at a recent term of this court, and that act held invalid, it is unnecessary to discuss the constitutional questions raised in the present cause. The trial court properly refused to dismiss the complaint.

Defendant argues a number of questions of claimed prejudicial error, first among which is that the court erred in holding that Pauline Zaremba, plaintiff's wife, was incompetent to testify as a witness in the case as to any matter. It appears from the abstract that at the close of plaintiff's case, defendant's counsel asked the court for permission to place Pauline Zaremba on the stand as a witness. This the court refused to permit on the grounds that she was not a competent witness either for or against her ex-husband. Section 5 of the Evidence Act, (Ill. Rev. Stat. 1943, chap. 51, par. 5,) then in effect, expressly provides that: "In all civil actions, husband and wife may testify for or against each other, provided that neither may testify as to any communication or admission made by either of them to the other or as to any conversation between them during coverture, except in actions between such husband and wife, and in actions where the custody or support of their children is directly in issue, and as to matters in which either has acted as agent for the other." Counsel for defendant expressly stated that he did not wish her to testify concerning matters touching on the confidential relationship between husband and wife excluded by the statute. The court erred in holding that Pauline Zaremba was not a competent witness, and while defendant could,

under the provisions of section 62 of the Civil Practice Act of 1933, (Ill. Rev. Stat. 1943, chap. 110, par. 186,) have secured a subpoena from the clerk of the court to produce Pauline Zaremba as a witness in the court and formally offered her as such witness, he was not required to do so where the matter, as here, was fully presented to the court, and the court definitely held that she was not a competent witness either for or against plaintiff. Counsel was not required to do a useless thing. *Bartholow* v. *Davies,* 276 Ill. 505.

The verdict in this case was large and the record should be free from prejudicial error. This error was prejudicial and requires a retrial of the cause. Since this is so, it becomes neither necessary nor proper to pass upon questions not disposed of in *Heck* v. *Schupp.* The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*