## CAMPBELL CONTRACTING CO. v. MARYLAND CASUALTY CO.

Circuit Court of Appeals, Fourth Circuit.
October 18, 1927.

No. 2633.

**1. Statutes ⊜⇒239—Strict construction of statutes in derogation of common law must not go to extent of sacrificing plain legislative intent.**

Statutes in derogation of the common law must be strictly construed, but this rule must not be carried so far as to sacrifice plain legislative intent.

**2. Insurance ⊜⇒437—Boy under 16, operating hoist for pulling loaded cars from quarry, held unlawfully employed within exception of employer's indemnity policy; "in or about or in connection with any quarry" (C. S. N. C. § 5033).**

Boy under 16, employed to operate hoist by means of which cars loaded with stone were hauled by a cable from a quarry 150 to 175 feet from hoist to a rock crusher, and whose duty it was on signal to have whistle blown, warning of a blast to be set off, and to warn passersby thereof, *held* employed "in or about or in connection with any quarry" in violation of C. S. N. C. § 5033, within exception of employer's indemnity insurance policy.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro.

Action by the Campbell Contracting Company against the Maryland Casualty Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Edwin J. Martenet, of Baltimore, Md. (A. L. Brooks, E. S. Parker, Jr., and Julius C. Smith, all of Greensboro, N. C., on the brief), for plaintiff in error.

J. H. Clement, of Winston-Salem, N. C. (Fred S. Hutchins, of Winston-Salem, N. C., on the brief), for defendant in error.

Before NORTHCOTT, Circuit Judge, and SOPER and ERNEST F. COCHRAN, District Judges.

NORTHCOTT, Circuit Judge. The Campbell Contracting Company was engaged in quarrying and crushing stone near Elkins, N. C. The company had with the Maryland Casualty Company, a Maryland corporation, an indemnity insurance policy, protecting it against loss from liability imposed by law, for damage or death accidently suffered by an employee. The policy stipulated that it did not cover persons who were employed by the assured contrary to law, or who were engaged in working for the assured contrary to law as to age of employment.

Ovid Stone, a boy between 14 and 16 years of age, was employed by the Campbell Contracting Company, and was operating a hoist, by means of which cars loaded with stone were hauled by cable from the quarry to a rock crusher at the hoist. The boy worked on a platform overlooking the quarry, and operated the hoist from signals given him by workmen in the quarry, the nearest point in which was from 150 to 175 feet distant from the hoist.

It was also the duty of the boy, whenever a blast was to be set off, and upon signal from the quarry, to notify the fireman to blow a whistle, and to proceed down the road to stop passersby until after the blast was over.

In working about the hoist, the boy was injured, and sued the Campbell Contracting Company, recovering judgment for $8,500 and cost, in March, 1926. On paying the judgment, the plaintiff then brought this suit under its policy of indemnity, the defendant the Maryland Casualty Company having refused to defend the suit or pay the judgment.

In the trial below and upon the motion of the defendant indemnity company, the court nonsuited plaintiff, and gave judgment in favor of the defendant for the cost, from which judgment of the court plaintiff sued out this writ.

The law of North Carolina upon the employment of children is found in sections 5032 and 5033 of the Consolidated Statutes of North Carolina of 1919, which are as follows:

"Sec. 5032. *Employment of Children under Fourteen Regulated.* No child under the age of fourteen years shall be employed, or permitted to work, in or about or in connection with any mill, factory, cannery, workshop, manufacturing establishment, laundry, bakery, mercantile establishment, office, hotel, restaurant, barber shop, bootblack stand, public stable, garage, place of amusement, brick yard, lumber yard, or any messenger or delivery service, except in cases and under regulations prescribed by the commission herein created. The employments in this section enumerated shall not be construed to include bona fide boys' and girls' canning clubs recognized by the agricultural department of this state; and such canning clubs are hereby expressly exempted from the provisions of this article."

"Sec. 5033. *Prohibited Employment of Children under Sixteen.* No person under sixteen years of age shall be employed, or permitted to work, at night in any of the places or occupations referred to in the first preceding section, between the hours of nine

P. M; and six A. M., and no person under sixteen years of age shall be employed or permitted to work in or about or in connection with any quarry or mine."

That these statutes are constitutional is admitted by the attorneys for the plaintiff, but it is contended by them that, being in derogation of the common law, they should be strictly construed, and that under a strict construction, the boy Stone was not working "in or about or in connection with any quarry."

[1] Statutes in derogation of the common law must be strictly construed, but this rule must not be carried so far as to sacrifice plain legislative intent. Unnewehr Co. v. Life & Accident Ins. Co. (C. C. A.) 176 F. 16; United States v. Illinois Central R. R. Co. (C. C. A.) 177 F. 801. As was said by Chief Justice Taney in United States v. Morris, 14 Pet. 464, 10 L. Ed. 543, "yet the evident intention of the Legislature ought not to be defeated by a forced and overstrict construction." See, also, Johnson v. Southern Pac. Co., 196 U. S. 1, 25 S. Ct. 158, 49 L. Ed. 363.

[2] We cannot agree with the contention that a boy operating a hoist, that by means of a cable pulls cars loaded with stone out of a quarry 150 to 175 feet distant, and whose duty it was upon signal to have the whistle blown, warning of a blast, and whose further duty it was to warn passersby, was not working "in or about or in connection with a quarry." To do so would be to do violence to the common and accepted meaning of plain and simple words. The intention of the legislation was clear and should be given full force within its evident meaning. The boy Stone was employed by the plaintiff company contrary to law, and the liability resulting from his injury was not covered by the insurance policy, issued by the defendant company.

The action of the trial judge was proper, and the judgment is affirmed.