## MELLEN v. HIRSCH et al.
### No. 3919.

District Court, D. Maryland.
May 26, 1948.

Joseph Mellen, in pro. per. for plaintiff.
Paul E. Due of Due, Nickerson & Whiteford, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

On April 12, 1948, the defendants in this case filed an extended motion for summary judgment under affidavit, Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c, with exhibits attached thereto. Notice of the motion was duly given to the plaintiff and thereafter in due course the motion came on for hearing on or about April 23, 1948, at which time counsel for the respective parties appeared and were heard. The plaintiff had not filed any opposing affidavit as permitted by Rule 56(c); but, pursuant to the suggestion of the court that nevertheless leave would be given to the plaintiff to file answering affidavits before the court ruled upon the motion, the plaintiff did on April 29, 1948 file an extended counter-affidavit. Thereafter on May 10, 1948 the court filed a written opinion holding that the motion for summary judgment would be granted upon presentation of an appropriate order in due course. As will appear from this opinion the critical question in the case was one

purely of law, that is, the proper construction and legal effect of a certain Workmen's Compensation policy issued to and held by the defendants at the time of the accident to the plaintiff which is made the basis of his suit. A sworn and attested copy of this policy had been filed as an exhibit with the motion for summary judgment, and the genuineness of the copy so filed was not disputed in the opposing affidavit filed by the plaintiff. The copy was therefore accepted by the court as a true copy of the policy as stated in the opinion filed May 10, 1948.

A few days thereafter counsel for the defendants presented an order for judgment for the defendants in accordance with the conclusion of the opinion. Notice of presentation of the order had been given to counsel for the plaintiff and when the order was presented to the court, counsel for both parties appeared and counsel for the plaintiff objected to the signing of the order making then the point for the first time that the original policy, of which a copy had been filed with the motion for judgment, had not been produced or accounted for. Thereupon counsel for the defendants said that he would have a search made for the original policy. Counsel for the plaintiff made a further objection to the signing of the order at that time on the ground that an amendment of the motion had not been formally made as allowed at the hearing, with respect to the full text of an order of the Deputy Commissioner in the District of Columbia.

On May 26, 1948 counsel for both parties again appeared in Chambers at which time counsel for the defendants filed a petition for authority to file the original insurance policy (which had been found) and a copy of the order of the Deputy Commissioner just referred to, as a part of the record in the case. The original policy (now attached to that petition) was exhibited to counsel for the plaintiff and the court inquired whether counsel for the plaintiff desired to further question the genuineness of the policy, to which counsel for the plaintiff replied that he did not further contest it, but still objected to the signing of the order on the ground that as a matter of law by the proper construction of

the policy it did not secure compensation, that is, cover the accident made the basis of the plaintiff's suit, because the plaintiff was employed contrary to law. Counsel cited as authority the case of Campbell Construction Co. v. Maryland Casualty Co., 4th Cir., 21 F.2d 909, on examination of which it appeared that the policy there involved was not a Longshoremen's and Harbor Workers, or a Workmen's Compensation policy but only an Employers' Liability Policy, the distinction between the two having been pointed out in the opinion filed May 10, 1948.

Counsel for the plaintiff also still opposed the order for judgment for the defendants on other grounds and filed a memorandum thereof which will be filed with the Clerk. The only other point that I think it appropriate to notice is the objection now first made, so far as I can recall, that the form of the jurat or affidavit in support of the motion for judgment is not technically and strictly in accordance with Rule 56 in that the affidavits are not expressly and literally made "on personal knowledge" but expressed to be "made in due form of law that the matters and facts set out in the foregoing motion are true as therein stated to the best of his knowledge and belief; and that the papers attached hereto are a copy of Civil Action, File No. 33825 instituted in the District Court of the United States for the District of Columbia by the plaintiff in this case against the defendants in this case." And with respect to the policy, the affidavit of the Secretary of the insurer was expressed—"made oath in due form of law that the matters and facts set out in the foregoing motion are true and correct as therein stated to the best of his knowledge and belief. * * * and that the attached Workmen's Compensation policy is a true copy of the policy referred to in the plaintiff's complaint and in the defendants' motion for summary judgment in these proceedings." The affidavit to the petition which filed the original insurance policy was made by Mr. Paul F. Due, counsel for the defendants and expressed to be "to his personal knowledge."

In my opinion the quite technical objection now made with respect to the

sufficiency of the affidavit under Rule 56(e) is insubstantial and not sufficient. The form of affidavit is one that has been very generally customary. Such a form is clearly distinguishable from an affidavit made merely "on information and belief" as was apparently the case in State of Washington v. Maricopa County, 9th Cir., 143 F.2d 871. Furthermore, as pointed out in the opinion of May 10, 1948, the dominant and controlling issue in the case is one purely of law as to the construction of the policy. The original policy has been produced and it is not now further questioned by counsel for the plaintiff as to its authenticity. Rule 56(e) also provides "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." The material questions in the case relate to the papers and not to controverted issues of material facts. While I am in entire concurrence with the view advanced by counsel for the plaintiff that a motion for summary judgment should not be granted unless it clearly appears from the papers that the moving party is entitled to judgment, nevertheless I conclude in this case that that has been shown, and that it would be idle formality to defer entry of judgment in view of the admitted facts.

I have accordingly signed the order for judgment for the defendants.