## No. 16,658.

WILLIAMS ET AL. *v.* GREAT WESTERN SUGAR COMPANY.

(251 P. [2d] 912)

Decided November 17, 1952.   Rehearing denied January 5, 1953.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, Mr. ALFRED J. HAMBURG, Mr. BRYANT O'DONNELL, Mr. WALDO RIFFENBURG, for plaintiffs in error.

Messrs. MARTIN & HOLT, Mr. WILLIAM C. STOVER, Mr. EDWARD A. WALSH, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties appear here in the same order as in the

trial court and they will be referred to herein as plaintiffs and defendant.

Seeking damages for alleged breach of warranty and misrepresentation in a deed from defendant, plaintiffs, as remote grantees, filed this action on March 16, 1949. By their complaint, and as amended, they allege in substance that defendant, in conveying by warranty deed on December 31, 1927, certain lands described in the complaint, together with certain shares of stock in three ditch companies, further agreed to and did warrant the quiet and peaceful possession of the real property described therein, together with the rights to the use of water evidenced by the shares of stock in the No. 10 Ditch Company; they further allege an agreement with the grantees to the effect that all of the rights, duties and obligations under and incident to said warranty deed, including the right to use the water, or rights to receive water, represented or evidenced by 190 shares of the capital stock of the ditch company, together with all of the appurtenances thereunto belonging or in any wise appertaining, are covenants running with the land described therein; further, that at the time of the execution and delivery of the warranty deed, it was agreed and understood between defendant and the immediate grantees that defendant owned and was conveying to the grantees under said deed, adequate irrigation water for the irrigation of all of said premises, including the easterly ninety-five acres thereof, and that by assigning the stock certificates to the grantees and their assigns, the quiet and peaceful possession by them of an amount of water adequate to irrigate said easterly ninety-five acres of the premises so conveyed.

Defendant, by its deed, conveyed portions of sections 1 and 12, township 7 north range 69 west, 6th P. M. in Larimer county, "together also with 1 share of the capital stock of the Cache La Poudre Irrigation Ditch Company; 190 shares of the capital stock of the No. 10 Ditch Company; and 100 shares of the capital stock of the Josh

Ames Irrigation Ditch Company." On its face, the deed contained no specific covenants to the effect as alleged in plaintiffs' complaint, and was in the customary warranty deed form with the usual warranties as to the premises conveyed. This deed was to F. A. Barry and Catherine Barry as grantees, who, for a period of approximately seventeen years after delivery, enjoyed possession of the premises conveyed, together with water and ditch rights, and operated the premises as an irrigated farm, at the end of which time they conveyed to the Dreher Pickle Company a part of the premises more particularly described as the S. W. ¼ N. E. ¼ of section 1, "together with forty-five shares of the capital stock of the No. 10 Ditch Company, together with rights of way for laterals and ditches as now constructed and used from the old No. 10 canal, and any and all water and ditch rights appurtenant to or used in connection with said land." Thereafter, the Larimer and Weld Irrigation Company notified F. A. Barry in writing, which notice was dated September 14, 1944, that stock in the No. 10 Ditch Company gave no rights in connection with the irrigation of lands other than the N.E. ¼ of section 1; that after the sale of all of Barry's land in the N.E.¼ to the Pickle Company, the retention of a portion of the No. 10 Ditch Company stock by the Barrys gave them no right or privilege to take water from the canal of said irrigation company to irrigate other land.

The Barrys refused to heed this notice and the irrigation company filed suit in the district court of Larimer county against the Barrys, and others, to enjoin the diversion of water from its canal for use on the remaining lands owned by the Barrys. Trial of this injunction suit resulted in a decree—from which no writ of error was ever sought by the parties thereto—to the effect that defendant company's deed to the Barrys, as well as the deed from the Barrys to Webster, did not include or convey any water right to irrigate the lands in question by virtue of any shares of stock in the No. 10 Ditch Com-

pany, and any right to the use of water represented by such shares was not an appurtenance to the land. This decree was entered April 12, 1948. Nearly one year following marked the beginning of the present action. On March 16, 1949, defendant company filed a motion to dismiss the original complaint, together with a motion for summary judgment. These motions were supported by affidavits and material exhibits relative to the conveyances involved, which included the original deed and all subsequent conveyances, together with pertinent notices and the opinions and decrees in the injunction suit herein mentioned. On hearing, the motion to dismiss was sustained and plaintiffs allowed to amend or elect to stand on their complaint, and motion for summary judgment was denied. Plaintiffs amended their complaint; similar motion to dismiss was filed by defendant; and motion for summary judgment was renewed. On March 6, 1950, the trial court found that the facts contained in the amended complaint were not sufficient to constitute a cause of action; the motion to dismiss was granted; and in passing on the motion for summary judgment, the trial court determined that the motion would be granted unless plaintiffs filed counteraffidavits or made some other showing to the court within fifteen days as to why the judgment should not be entered. Plaintiffs made no further showing; did not file any counteraffidavits within the period; and summary judgment of dismissal was entered on April 10, 1950, which is now before us for review.

It is the contention of counsel for plaintiffs in error that the only question before this court is whether or not the trial court erred in entering the summary judgment, when, according to their contention, there was a question of fact, as alleged in the pleadings, to be determined, that is, the allegation of representations made by defendant at the time of the delivery of the deed and the question of the intention of defendant as to the matter of the conveyance of the water by the deed.

Counsel for defendant in error contend the record establishes that Webster, and an intermediary grantee, has no title to the land, water and ditch stock involved; that no cause of action is stated in favor of plaintiffs, or either of them by the complaint or the amendement thereto; that there is no genuine issue of fact as to water rights and the rights to the use of water conveyed under the deed from defendant to the Barrys; and finally, that the defenses of res judicata and estoppel by judgment are decisive of plaintiffs' action.

As is disclosed by defendant's motions to dismiss and for summary judgment, and the exhibits and affidavits made a part thereof, the following material facts are shown to appear in the files before the trial court:

1. December 31, 1927, warranty deed from defendant sugar company to F. A. Barry and Catherine Barry;

2. November 18, 1943, warranty deed from the Barrys to the Dreher Pickle Company for a part of the premises, namely, SW ¼ NE ¼, Section 1, together with forty-five shares of the capital stock of the No. 10 Ditch Company;

3. September 14, 1944, written notice from the Larimer and Weld Irrigation Company to F. A. Barry, stating that stock in the No. 10 Ditch Company gave no rights in connection with the irrigation of lands other than the NE ¼ of Section 1, and the No. 10 Ditch Company stock is appurtenant only to the NE ¼ and does not give the holder the right to any water for any other land; and further notified Barry not to draw nor attempt to draw for, nor carry any water for, any land other than the NE ¼ on the claim of ownership of any stock based on said contract;

4. December 12, 1944, copy of the above notice to F. A. Barry was delivered by plaintiff Webster to the manager of the defendant company's factory at Fort Collins;

5. Injunction suit filed on July 23, 1945 by the Larimer and Weld Irrigation Company against F. A. Barry and Catherine Barry, et al., to which the Barrys and their tenant filed answer;

6. June 29, 1946, notice of lis pendens filed;

7. July 1, 1946, warranty deed from F. A. Barry and Catherine Barry to S. F. Webster recorded July 20, 1946, conveying the balance of the lands acquired by the Barrys under defendant's deed. This balance was what remained after their conveyance to the Dreher Pickle Company, heretofore mentioned;

8. January 2, 1948, warranty deed from Webster to his wife, Maggie Webster, conveying one-half interest in the lands and ditch stock acquired under the deed from the Barrys;

9. January 3, 1948, warranty deed from Maggie Webster conveying the above one-half interest to plaintiff Jeanette Frances Williams, and on the same date, S. F. Webster conveyed his remaining one-half interset to Jeanette Frances Williams;

10. April 5, 1948, opinion and findings in the Larimer and Weld Irrigation Company injunction suit against the Barrys; and the injunctive decree on April 12, 1948.

This decree was adverse to the Barrys, who filed motion and supplemental motion for new trial, which was denied, and as heretofore stated, no review of this decree was sought by any party thereto. It is to be observed, and here noted, that the Barrys were parties to this action. According to the decree, all of the water interests here involved were adjudicated to the end that the Barrys had no grant or deed for the possession and use of water for the S.E. ¼ of section 1, and had no color of title therefor; that the Barrys failed to prove by satisfactory evidence possession for use of the ditch and water therefrom, or that any use was open, notorious, hostile or antagonistic to plaintiffs; that any use of the water from the ditch was wrong; and further, that at the time of the commencement of the injunction suit, S. F. Webster had no right, title or interest in the property involved.

The pleadings show that during the seventeen years or more that the Barrys were the owners, they took water

from the ditch in question for more land than that to which the ditch stock applied; and if there was any breach of the covenant or warranty in the deed from defendant sugar company to them, it did not occur during their ownership of the land which they conveyed to the Dreher Pickle Company, to which it was decreed by the injunction suit that the water represented by the ditch company stock was an appurtenance. About one year after the conveyance from the Barrys to the Pickle Company, notice from the irrigation company, as hereinbefore mentioned, to the Barrys was delivered by Webster, one of the plaintiffs in error, to the manager of defendant company. Approximately eight months thereafter, the injunction suit was filed against the Barrys and notice of lis pendens was filed with the clerk and recorder of Larimer county. On July 1, 1946, the Barrys conveyed the balance of their land to Webster, who, it must be said, took with notice.

The pleadings, supported by the affidavits and exhibits, disclose that Webster was not the owner and not in possession during the period when there was a breach of any alleged covenant about which complaint is made. When Webster accepted the deed from the Barrys, and when he conveyed to Williams, and Williams to Webster, with full notice of the pendency of the action and in face of the recorded lis pendens, they assumed the hazards of a possible adverse decree which would be determinative of the water rights in question. *Buckhorn Plaster Co. v. Consolidated Plaster Co.*, 47 Colo. 516, 108 Pac. 27.

Without further discussing other interesting questions presented, we are of the opinion, and so find, that no genuine issue of fact as to the water rights and the rights to the use of the water conveyed under the deed from defendant sugar company to the original grantees, or the subsequent grantees, remains; and it clearly appears that plaintiffs are barred by the judgment in the injunction suit to which they were parties.

The decree in that suit construed and adjudicated defendant sugar company's deed to the Barrys. There being no issue remaining of a material fact to be tried, the motion for the summary judgment was properly granted; therefore the judgment is affirmed.