No. 18,043.

ROSE M. ZINGONE *v.* FRANK ZINGONE, ET AL.
(314 P. [2d] 304)

Decided August 12, 1957.

Mr. A. T. STEWART, Messrs. SEAVY & SEAVY, for plaintiff in error.

Messrs. BOYLE & WITTY, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties will be referred to as they appeared in the trial court, where Frank Zingone and Ruth M. Zingone were plaintiffs and Rose M. Zingone was defendant.

Plaintiffs' complaint alleged that they are the owners in fee simple of a dwelling house known as 119 W. 4th St. in Salida, Colorado; that defendant wrongfully detains said premises from the plaintiffs and has done so since September 2, 1954; that notice to quit said premises was served on defendant on November 16, 1955, demanding possession on or before November 26, 1955; that the reasonable rental value of said premises is sixty dollars per month. The prayer was for possession of the property, together with damages at the rate of sixty dollars per month.

Defendant answered denying that plaintiffs were the

owners of said property; admitted that she was in possession thereof and denied that her possession was unlawful; admitted the service of notice to quit on November 16, 1955, and denied the other allegations of the complaint. As a counterclaim defendant alleged that about July 1, 1953, she and one Charlie J. Zingone, son of plaintiffs, were married; that said husband of defendant obtained an interlocutory decree in divorce "in this court" on August 22, 1955, against defendant, and that the trial court in said action retained jurisdiction for the purpose of determining the respective property rights of the parties to said divorce action. She further alleged that her husband was the owner of said property; that she had out of her separate funds "increased the value of said premises $4,000.00" which improvements were made by and with the consent of her husband. She further alleged that her husband, Charlie J. Zingone, on January 18, 1954, by warranty deed "attempted to transfer and convey said realty to the plaintiffs herein" and that said conveyance was without consideration and made with the intent on the part of her husband to "hinder, delay and defraud the defendant of her rights and claims in and to said realty as the plaintiffs well knew at the time the said attempted transfer and conveyance was made."

She further alleged that she "is entitled to an equitable distribution of the property and assets of said Charlie J. Zingone by reason of the dissolution of the matrimonial bonds between the said Charlie J. Zingone and defendant herein; that the said realty is the only property or asset of said Charlie J. Zingone having any substantial value from which such distribution may be made to the defendant herein."

She prayed for a dismissal of the action and that the transfer and conveyance from her husband to his parents be adjudged to be null and void as against this defendant.

Plaintiffs by their counsel moved to dismiss the counterclaim because (1) A tenant cannot question the title

of the landlord; (2) That any relief to which defendant may be entitled is against her husband in the divorce action; (3) That the plaintiffs do not have and cannot have knowledge of the allegations of the counterclaim, they being allegations which Charlie J. Zingone, not a party to the action, could answer.

The trial court dismissed the counterclaim because "it fails to state a claim against these plaintiffs upon which relief can be granted." Later a motion for summary judgment for plaintiffs was filed based on the ground that defendant's answer "contains no defense to the complaint." This motion for summary judgment was granted and defendant was ordered to surrender and deliver up the premises to plaintiffs.

Defendant is here on writ of error urging that the trial court erred in sustaining the motion to dismiss the counterclaim and in entering summary judgment in favor of plaintiffs.

 It is obvious that defendant, claiming an interest in the property in dispute, was not a tenant of plaintiffs, or of anyone else, under the facts disclosed by the record. The relationship of landlord and tenant did not exist.

 As to the second ground stated in the motion to dismiss the counterclaim, it definitely appears that defendant sought to have the conveyance set aside only as to herself in order that any order which might be entered in the divorce action pending between herself and her husband concerning a division of property owned by the husband and in which she claimed an equitable interest, could be settled. Defendant was not concerned in setting aside the deed so far as it related to any interest remaining in her husband after her interests were determined in the divorce proceedings.

The third ground of the motion is equally without merit. Plaintiffs claim that all that is required to defeat a litigant against whom relief is sought is to disclaim knowledge of the allegations against him and thereby

gain a dismissal of the action. The statement refutes itself.

In considering a motion to dismiss, all of the allegations of the complaint must be accepted as true. Where it appears that a conveyance has been made with the intention and purpose of defrauding creditors, it will be set aside at the suit of such creditors. *Fahey v. Fahey,* 43 Colo. 354, 96 Pac. 251. In the Fahey case this court said: "Further, the court found that the conveyance made by Fahey to Girardot was made with the intention of defrauding the wife of her support and maintenance, and that Girardot had full knowledge of this fact." The facts in the Fahey case are very similar to those in the instant action. See, also, Husband and Wife, 26 Am. Jur., Sec. 197.

For aught that appears in this record, the plaintiff under allegations of the counterclaim was in the same position as a creditor of her husband.

Defendant's answer to the complaint denied the title of plaintiffs. This presented an issue the determination of which might prove conclusive in the case.

The counterclaim, to which the husband was neither a necessary nor an indispensable party, set forth facts which could be proved or disproved only by the taking of testimony. It follows that the trial court erred in dismissing the counterclaim and in entering summary judgment in favor of plaintiffs.

Counsel for defendants set forth at length their version of what transpired in the divorce action. None of these matters appear in the record before us, hence may not be considered.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.