No. 18,918.

DINA KAMINSKY *v.* BENJAMIN KAMINSKY.

(359 P. [2d] 675)

Decided February 27, 1961.

Miss Dorothy E. Binder, Miss Virginia Malloy, for plaintiff in error.

Mr. Theodore Epstein, Mr. Alex Stephen Keller, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

The parties appear here in the same order as in the trial court, and we refer to the plaintiff in error as the wife and to defendant in error as the husband.

An amended complaint was filed by the wife which set forth two claims. In the first she sought a divorce and other relief customary to a divorce action. In the second claim she asked for past and future support money, an accounting of property, creation of a trust, and other relief.

Error is assigned to the granting of the husband's motions for (1) summary judgment as to the first claim on the ground of res judicata based on a decree of divorce previously entered, and (2) dismissal as to the second claim on the ground that it failed to state a claim upon which relief could be granted.

The motion for summary judgment as to the first claim was supported by affidavits of counsel for the husband and the clerk of the Denver county court. The

sole function of counsel's affidavit was to incorporate by reference a certified copy of an interlocutory and final decree of divorce granted to the husband by the Denver county court in Civil Action No. 81,697, on the statutory grounds of insanity, under date of November 8, 1942. The affidavit of the clerk of the county court stated that the records of the court showed personal service was had on the wife in Civil Action No. 81,697, and incorporated by reference an exemplified copy of the summons and return of service. The attached documents show on their face that personal service was had on the wife and that a guardian ad litem appeared on her behalf at the time the interlocutory decree was granted.

The material allegations of the second claim may be summarized as follows: That the parties were married in May of 1914; that upon complaint of the husband, the wife was adjudicated an insane person in June 1933; that the husband, with intent to deprive the wife of her rights in real and personal property acquired during the marriage, failed to advise the lunacy commission of her property rights, with the result that no conservator or guardian was ever appointed; that in June 1941 the husband caused the wife to be served with a summons and complaint in divorce; that the action for divorce proceeded to a noncontested trial without a jury, and an interlocutory decree was entered in May 1942 and a final decree in November 1942; that at the time the final decree was entered there was no provision for alimony, support money or property settlement, it merely reciting, "provided nothing contained herein shall relieve plaintiff from his liability for the support of defendant"; that since July 1935 the husband has disclaimed all responsibility for the support of the wife, forcing her to depend on charity and state aid for her maintenance; that in January 1958 the wife was restored to legal competency, and since that time has requested the husband to make an accounting to her of her property and to provide past and future support money, and money to

buy a home, clothing and other necessaries, but the husband refuses to do so; that the wife and husband reached a settlement agreement in February 1958, but the husband now disclaims there was such an agreement; that during the marriage the parties accumulated and owned considerable personal and real property; that the husband has converted, transferred or otherwise disposed of her interest in the property and the increases therefrom without her knowledge or consent, and has not accounted to her for the same; that the husband has used the property and the increases therefrom to accumulate an interest in other real and personal property.

In respect to her first claim the wife contends:

(1) That the defense of res judicata cannot be raised by motion for summary judgment.

(2) That the affidavit of counsel in support of the motion for summary judgment was not sufficient to comply with the provisions of Rule 56 (e), R.C.P. Colo., which requires that affidavits in support of a motion for summary judgment be based on personal knowledge and show affirmatively that the affiant is competent to testify to the matters contained therein.

(3) That personal service on her as an adjudicated insane person was insufficient process to give the county court jurisdiction in the divorce action and the decree is void and cannot be pleaded as res judicata.

In support of her second cause of action, the wife contends that a woman divorced by her husband while she is an adjudicated insane person, can, after restoration to reason, bring an independent action for an accounting of property and for support.

Questions to be Determined.

First. *Can res judicata be raised by motion for summary judgment under Rule 56, R.C.P. Colo.?*

This question is answered in the affirmative. That the defense of res judicata may, in a proper case, be raised and disposed of by a summary judgment proceeding has heretofore been recognized in this state.

*Carroll v. Bank,* 126 Colo. 377, 249 P. (2d) 540; *Williams v. Sugar Co.,* 126 Colo. 497, 251 P. (2d) 912; *Parrish v. DeRemer,* 117 Colo. 256, 187 P. (2d) 597. The law applicable to this case provides that an interlocutory decree of divorce which is not set aside after the lapse of one year shall determine the marital status of the parties. C.R.S. '53, 46-1-13.

Therefore the interlocutory decree of divorce which has not been set aside after one year, established prima facie by the certified record, tendered the legal issue of res judicata, and this issue may be raised by motion for summary judgment. The wife did not take issue by counter affidavit or in any other manner, with the correctness of the court records and the affidavit appended to the motion for summary judgment. No error was committed in dismissing the first claim.

Second. *Does an affidavit of counsel which only recites that attached documents are certified copies of a court judgment comply with the provisions of Rule 56 (e), R.C.P. Colo.?*

▉ This question is answered in the affirmative. Rule 56 (e) also provides, "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

An affidavit of counsel which serves the single purpose of placing before the court certified copies of relevant documents does not violate the requirements of the rule that affidavits be made on personal knowledge. *Mellen v. Hirsch,* 8 F.R.D. 248. In fact, the certified court records in and of themselves constitute a sufficient affidavit in support of a motion for summary judgment under Rule 56. *Farm Bureau Mut. Ins. Co. v. Hammer,* 83 F. Supp. 383, reversed on other grounds, 177 F. (2d) 793, certiorari denied, 70 S. Ct. 575, 339 U.S. 914, 94 L. Ed. 1339.

Third. *In a suit for divorce, is personal service on an*

*adjudicated insane defendant sufficient to confer juris-
diction over the person?*

Under the facts of this case the question is answered
in the affirmative.

C.R.S. '53, 46-1-2, as amended by Ch. 37, S.L. 1958,
relating to process in actions for divorce and extending
the scope of operation therein of the Rules of Civil Pro-
cedure beyond that specified in any previous statute,
was not in effect when the divorce involved was granted;
so the validity of the process must be adjudged by ap-
plication of the statutes then in force. "The provisions
of this Act shall apply to all actions commenced after
the effective date of this Act; statutes in effect prior to
the effective date of this Act shall apply to all actions
commenced prior to said date." L. 58, Ch. 37, 46-1-9,
p. 224.

In June 1941 the wife was personally served with
summons and complaint in the divorce action. The then
applicable statute provided, inter alia, that in every
action for divorce, personal service of the summons and
a copy of the complaint should be made on the defend-
ant. C.S.A. C. 56, §4. On its face the exemplified copy
of the summons and return shows that process was had
in accordance with the then existing Rule 4, R.C.P. Colo.,
and the certified copy of the decree shows that a
guardian ad litem appeared for the wife, as required
under Rule 17 C(c), R.C.P. Colo.

The record shows affirmatively that the county court
had jurisdiction over the person of the wife and the
entry of the final decree in divorce resulted in a final
judgment which could be pleaded as res judicata. There
being no issue remaining of a material fact to be tried,
the motion for summary judgment was properly granted.

Fourth. *Where a wife is divorced while she is an ad-
judicated insane person, does her independent action
for an accounting of her property and for support,
brought after she has been restored to reason, state a
claim upon which relief can be granted?*

■ This question is answered in the affirmative. For the purposes of the motion to dismiss, all of the allegations of the complaint must be accepted as true. *Zingone v. Zingone,* 136 Colo. 39, 314 P. (2d) 304.

The second cause of action states facts which, if established, would show that the property rights of the parties and the question of support were not settled in the divorce proceeding. In such case the aggrieved spouse may bring an independent action for support and division of property, separate and apart from the divorce action. This is not an attempt to modify or collaterally attack the divorce decree; it is an independent suit presenting equitable grounds for relief.

The second cause of action states a claim upon which relief can be granted, and the district court has jurisdiction to hear the issues presented. *Meldrum v. Meldrum,* 15 Colo. 478, 24 P. 1083; *Jewel v. Jewel,* 71 Colo. 470, 207 Pac. 991.

The granting of the motion for summary judgment as to the first cause of action is affirmed.

The judgment of dismissal as to the second cause of action is reversed and the cause remanded with directions to the trial court to enter an order denying the motion to dismiss and granting the husband time to answer or otherwise plead as he may elect.

MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS not participating.