**Stephanie H. KALEVIK,**
**Plaintiff-Appellant,**

v.

**Menter C. KALEVIK,**
**Defendant-Appellee.**

**No. 84CA1413.**

Colorado Court of Appeals,
Div. II.

March 20, 1986.

Rehearing Denied April 17, 1986.

Mellman & Thorn, P.C., Gerald N. Mellman, Denver, for plaintiff-appellant.

James W. Wilson, Wheat Ridge, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Stephanie H. Kalevik, appeals from the judgment of the trial court dis-

missing her complaint against her ex-husband, Menter C. Kalevik. We affirm.

In her complaint, plaintiff sought recovery of one-half of the mortgage payments which she had made on the family residence, titled jointly with defendant and occupied by plaintiff and the parties' remaining minor child, following the entry of a decree of divorce. She also sought recovery of one-half of all future mortgage payments until the residence is sold when the parties' minor child reaches age twenty-one. Defendant answered, pleading the affirmative defenses of res judicata and lack of subject matter jurisdiction. Following submission of the case to the trial court on stipulated facts, the trial court initially dismissed plaintiff's complaint, on the basis that res judicata barred her action, and after granting a new trial, again dismissed on the basis of lack of subject matter jurisdiction.

In May 1971 the parties were divorced by decree issued by the Arapahoe County District Court (the divorce court). That decree states in pertinent part that:

"Commencing effective May 1, 1971 and continuing until further Order of Court, the Defendant shall ... pay into the registry of this Court an amount equal to the monthly mortgage payment on the family home ... which is presently payable ... in the amount of $186.00 as and for alimony for the plaintiff until further Order of Court, or until the death or remarriage of the Plaintiff."

The decree provides further that:

"The Plaintiff is to continue to reside in the family home ... until the youngest child ... shall attain the age of twenty-one years, at which time the house shall be forthwith sold, and the net proceeds resulting from the sale equally divided between the parties, and the Court shall retain jurisdiction to enforce the provisions of this agreement."

The decree also specifies that plaintiff, not defendant, shall be entitled to state and federal income tax deductions for tax and interest payments on the family home.

In December 1975, the divorce court issued its "Ruling on Stipulated Facts and Issues" wherein it construed the $186 per month obligation of defendant to be alimony and stated that:

"By stipulation the Court is informed that the house is still titled jointly in the plaintiff and the defendant, and, consequently, each receives an increase in equity in the home of half of the amount of each installment credited to principal balance of the loan. Under [the decree entered] at the time of divorce, this is property division and cannot be changed by the court at this time."

The divorce court also opined that plaintiff was obligated to make the house payments under the decree inasmuch as she is entitled to state and federal deductions for the interest payments and real property taxes on the home.

Thereafter, in January 1979, plaintiff moved the divorce court to order that defendant reimburse her for one-half of all past mortgage payments and for one-half of all future mortgage payments. The divorce court considered the motion to be a request for increased alimony, and the motion was denied. No appeal was taken from the decree or either post-decree order.

■ Although the divorce decree does not specify which party is to pay the mortgage payment, our review of the decree, together with the post-decree orders, persuades us that the divorce court intended that plaintiff make the monthly mortgage payments on the family home. *See In re Marriage of Jackson*, 698 P.2d 1347 (Colo. 1985). This conclusion is consistent with the view of the divorce court as expressed in its 1975 order and is also consonant with plaintiff being entitled both to tax benefits under the decree and to the use and enjoyment of the home until sold.

■ Where, as here, the subject matter of one ex-spouse's independent action against the other ex-spouse was involved in a prior divorce proceeding, the divorce proceeding is res judicata as to the subsequent independent action. *See Scofield v. Scofield*, 89 Colo. 409, 3 P.2d 794 (1931); *cf.*

*Kaminsky v. Kaminsky,* 145 Colo. 492, 359 P.2d 675 (1961); *Williamson v. Wilmore,* 481 P.2d 735 (Colo.App.1971) (not selected for official publication).

In this case the division of property was finally determined by the divorce court. *See* § 14–10–133, C.R.S., and C.R.S. 1963, 46–1–5. Thus, plaintiff's action is an impermissible attempt to modify and collaterally attack the divorce decree. *See Rieger v. Rieger,* 39 Colo.App. 471, 566 P.2d 722 (1977); *cf. Kaminsky v. Kaminsky, supra.*

Although the trial court dismissed plaintiff's complaint for lack of jurisdiction, it was correct as a matter of law in its initial determination that plaintiff's action should be dismissed as barred by res judicata. Consequently, the ultimate judgment of dismissal will be affirmed. *See Metropolitan Industrial Bank v. Great Western Products Corp.,* 158 Colo. 198, 405 P.2d 944 (1965).

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.