Richard E. **REDFERN** and Ronald E. Redfern, successors in interest to Action Page, Inc., a Colorado corporation, Plaintiffs–Appellants,

v.

U S WEST COMMUNICATIONS, INC., a Colorado corporation, Defendant–Appellee.

No. 99CA1974.

Colorado Court of Appeals, Division IV.

Nov. 24, 2000.

Certiorari Dismissed March 6, 2001.

Podoll & Podoll, P.C., Robert C. Podoll, Denver, CO, for Plaintiffs–Appellants.

Campbell, Bohn, Killin, Brittan & Ray, LLC, William C. Brittan, and U S West, Inc., Jacqueline Beckett, Denver, CO, for Defendant–Appellee.

Opinion by Judge TAUBMAN

Plaintiffs, Richard E. and Ronald E. Redfern, appeal the judgment dismissing their claims against defendant, U S West Communications, Inc. (U S West). We reverse and remand.

Plaintiffs (Action Page) are the successors-in-interest to Action Page, Inc., a company that sold paging services over the telephone. Beginning in 1994, Action Page used U S West's telephone services for both its business offices and paging services.

Later that year, U S West, without the authorization of Action Page, changed one of Action Page's main business telephone numbers to an unlisted number in its directory assistance service and failed to notify Action Page of the change. In addition, U S West listed another of Action Page's telephone numbers incorrectly in its directory assistance records.

Action Page sued U S West for, *inter alia,* breach of contract and negligence. It claimed that, because the majority of its sales were generated through the main business number, the change in listing and the other directory assistance error caused a drop of more than 200 sales per month. Action Page also asserted that U S West's actions had caused it a $2 million loss. Action Page filed a motion for partial summary judgment, and U S West filed a motion to dismiss for failure to state a claim for relief.

The trial court found that the limitation of liability provision in the then-applicable Exchange and Network Services Tariff, Colorado P.U.C. No. 8 (Exchange Tariff), prohibited Action Page from recovering damages on its claims for breach of contract and negligence. Accordingly, it granted U S West's motion to dismiss, and denied Action Page's motion for partial summary judgment. This appeal followed.

Although the Exchange Tariff has been amended and codified as P.U.C. No. 15, two of the three provisions at issue here are identical and the third is not materially different from the prior version.

Action Page contends that the trial court erred in granting U S West's motion to dismiss based upon its finding that the Exchange Tariff precluded Action Page's common law claims for relief. Specifically, Action Page contends that the liability disclaimer in one section of the tariff does not apply to directory assistance service. We agree.

### A.

Relying on *Shoemaker v. Mountain States Telephone & Telegraph Co.,* 38 Colo.App. 321, 559 P.2d 721 (1976), U S West initially argues that we may not consider Action Page's common law claims because the Exchange Tariff, which has the effect of a statute, has abrogated all inconsistent common law claims. However, because we conclude below that Action Page's common law claims are not inconsistent with the Exchange Tariff, we need not address the merits of U S West's contention.

### B.

■ An appellate court may uphold the trial court's grant of a motion to dismiss for failure to state a claim only if it appears, beyond doubt, that the plaintiff can prove no set of facts in support of a claim that would entitle him or her to relief. On appeal, the

reviewing court must accept all allegations of material fact in the plaintiff's complaint as true and must view all allegations in the light most favorable to the plaintiff. *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095 (Colo.1995).

■ Standard principles of statutory construction apply to the interpretation of a tariff. We must give effect to the intent of the regulatory agency, here, the PUC, by looking first at the language of the tariff. The language of the tariff must be read and considered as a whole, and it should be construed to give consistent, harmonious, and sensible effect to all of its parts. Further, because interpretation of the tariff is a question of law, we need not defer to the trial court's construction of the tariff. *U S West. v. Longmont,* 924 P.2d 1071 (Colo.App.1995), *aff'd,* 948 P.2d 509 (Colo.1997).

■ At the outset, we note that the parties have provided only a very limited portion of the Exchange Tariff in the record, and our review is necessarily limited to the record on appeal. *See McNaughton & Rodgers v. Besser,* 932 P.2d 819 (Colo.App.1996) (it is appellant's responsibility to provide an adequate record on appeal).

■ Action Page contends that, based upon the plain meaning of Sections 2.4.1 and 2.4.4 of the Exchange Tariff, those sections do not apply to directory assistance service. We agree.

Section 2.4.1(A) of the Exchange Tariff concerns "Service Liabilities," and provides that certain services and facilities furnished by U S West are subject to limitations of liability. Section 2.4.1(A)(1) provides in pertinent part:

> Except as otherwise provided herein, no liability for direct, incidental or consequential damages shall attach to [U S West] for damages or costs arising from errors, mistakes, omissions, interruptions, failure, delays, or defects or malfunctions of *equipment or facilities,* in the course of [establishing or changing] the service or facilities (including the obtaining or furnishing of information in respect thereof or with respect to the customers or users of the service or facilities) ... whether a

claim for such liability is premised upon breach of contract ... [or] negligence.... (emphasis added)

Section 2.4.1(A)(2) provides that the sole and exclusive remedy against U S West "for an interruption or failure of telephone service resulting from errors, mistakes, omissions, interruptions, failures, delays, or defects or malfunctions of equipment or facilities" is limited to repair or replacement of any item of U S West's terminal facilities or defective part thereof at U S West's expense.

Section 2.4.4 of the Exchange Tariff addresses "Directory Errors or Omissions." This section limits U S West's liability for errors in its printed directory listings, not in its directory assistance service.

Indeed, neither section uses the term "directory assistance." Nevertheless, U S West argues that there is no reason why directory assistance service would not be encompassed within the language of Section 2.4.1. However, the plain language of Section 2.4.1(A) states that it applies to equipment and facilities, and, by definition, directory assistance service is neither.

While Section 2.4.1(A)(1) does use the word "service," it does not define the term, refer to another provision defining the term, or explain for which services liability is disclaimed. Instead, this section limits the services it disclaims to those arising from "errors, mistakes, omissions, interruptions, failure, delays, or defects or malfunctions of equipment or facilities."

In addition, we must read Section 2.4.1 as a whole. When the first paragraph is read together with the second paragraph, which provides a limited remedy for "an interruption in failure of telephone service resulting from [problems with] equipment or facilities ...," it becomes clear that the service discussed in the first paragraph does not encompass directory assistance service. *See U S West v. Longmont, supra.* Thus, we conclude that directory assistance is not "telephone service" as that term is used in Section 2.4.1.

Section 2.4.1(A) also discusses "obtaining or furnishing information" with respect to

the use of U S West's services. Again, this statement must be read together with the second paragraph. Based on its plain language, the phrase "obtaining or furnishing information" about telephone service refers to equipment or facilities, and does not include matters related to directory assistance.

Finally, Action Page's complaint alleged that the Exchange Tariff contains a separate section which applies specifically to directory assistance service, Section 6.2.4. This section, entitled "Directory Assistance Service," addresses all aspects of U S West's directory assistance service. The trial court did not specifically address this section in its order.

Section 6.2.4 states, in pertinent part, that: "Directory Assistance (DA) Service provides customers assistance in determining telephone numbers within this State." The section discusses extensively the charges for and regulation of this service. Significantly, unlike the two provisions of the tariff relied on by the trial court, it does not limit U S West's liability for failure to provide directory assistance services accurately.

We conclude that, based on the plain language of the Exchange Tariff when read as a whole, Section 6.2.4 governs U S West's directory assistance service. We perceive no basis for inferring that Section 2.4.1 was intended to include directory assistance service when the plain language of Section 2.4.1 does not indicate such an intent and a separate section of the Exchange Tariff applies specifically to directory assistance service.

Accordingly, the trial court erred in granting U S West's motion to dismiss.

Because of this disposition, we need not address Action Page's remaining contentions.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

MARQUEZ and CASEBOLT, JJ., concur